712 A.2d 749

**COMMONWEALTH of Pennsylvania, Appellant**

**v.**

**Henry James SHAFFER, Appellee.**

Supreme Court of Pennsylvania.

Argued Sept. 18, 1996.

Decided May 19, 1998.

---

**6.** We need not address the remainder of appellant's alleged trial errors in light of this disposition.

David P. Wingert, Bradford H. Charles, Lebanon, for the Com.

Charles T. Jones, Jonestown, for Henry James Shaffer.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

## OPINION ANNOUNCING THE JUDGMENT OF THE COURT

CAPPY, Justice.[1]

The issue presented in this case is whether the trial court abused its discretion in dismissing the charges against appellee as a means of sanctioning the District Attorney for failing to comply with a court order as to the time of trial. For the reason set forth herein we find that the trial court did abuse its discretion and thus, reverse the decision of the Superior Court and remand this matter to the trial court for a new trial.

On July 20, 1994 the trial court dismissed the charges of assault and harassment pending against appellee. The charges arose from an incident on June 27, 1991 when the police responded to appellee's residence on an emergency call for assistance. The call for assistance was prompted by appellee's physical assault on his wife. Appellee then proceeded to physically attack the police officer who responded to the call. As a result of this incident appellee was held for trial, which was set for December 2, 1991.

Appellee failed to appear for trial on December 2, 1991 and a bench warrant was issued for his arrest. On January 20, 1992 the trial court granted the District Attorney's motion pursuant to Rule 1100, Pa.R.Crim.P., to extend the time for trial until "sixty (60) days after availability" of appellee. Appellee was apprehended on May 3, 1994. Trial was scheduled for June 6, 1994. The case was not called for trial during the

---

1. This case was reassigned to this author.

June 6, 1994 trial term.[2] Appellee's case was thus automatically moved to the next available trial term, August 1, 1994. On July 6, 1994 appellee moved to dismiss the charges for failure of the District Attorney to bring him to trial within 60 days of his availability as required by the Order of January 20, 1992.

On July 20, 1994 a hearing was held on appellee's motion to dismiss. At the hearing the trial court determined that the sole reason appellee's case was not called for trial during the June 6th term was the unavailability of the prosecuting attorney assigned to the case. The subpoenaed witnesses were however available, as were appellee and the public defender. The assigned prosecutor was unavailable because he was on vacation. At the conclusion of the hearing the trial court granted the motion to dismiss "because the Commonwealth disobeyed our January 20, 1992, Order which required the Commonwealth to bring Defendant to trial no later than 60 days after he became available for trial." (Trial Court Opinion at p. 4) The Superior Court, in a memorandum opinion, relying solely upon the opinion of the trial court, affirmed the decision of the trial court, with Ford Elliot, J., dissenting. This court granted allowance of appeal.

The Sixth Amendment of the United States Constitution and Article 1, Section 9 of the Pennsylvania Constitution guarantee an accused the right to a speedy trial. This court adopted Pa.R.Crim.P., Rule 1100 as an administrative means of protecting the constitutional right to a speedy trial. Allegations that an accused has not been brought to trial in a timely fashion are normally addressed with reference to Rule 1100 and its constitutional underpinnings. However, in the case at bar, appellee's speedy trial rights were not prejudiced by the District Attorney's failure to bring appellee to trial within the sixty day limitation set in the January 20th court order, thus, Rule 1100 is not at issue. The question presented is whether,

2. Lebanon County operates on a trial term calendar for jury trials. The District Attorney of Lebanon County controls the calendar by setting cases ready for trial to be called from an available list during the first week of every month that a trial term is scheduled. There is no trial term in July in Lebanon County.

626

in imposing the severe sanction of dismissal of the charges because of the violation of the court order, the trial court abused its discretion.

As this Court stated in *Coker v. S.M. Flickinger Company*, 533 Pa. 441, 447–8, 625 A.2d 1181, 1184–85 (1993):

The term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion, and discretionary power can only exist within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judges. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary action. Discretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.

It is essential that orders of court issued by the presiding tribunal are complied with absent extraordinary circumstances. Here, at the request of the prosecutor, trial of this case was to take place within sixty (60) days after availability of appellee. On the original date set for trial, a date within the confines of the sixty (60) day framework, all of the witnesses, the accused, and his counsel appeared but, because the assigned prosecutor was unavailable, as he was on "vacation," the trial did not take place. It is less than desirable, in a jurisdiction which does not have a twelve month criminal court trial calendar, and instead, disposes of its criminal cases by means of periodic terms of court, that a prosecutor's personal vacation would take precedence over the trial of a criminal case to which he had been assigned some weeks prior. Furthermore, it is clearly disingenuous for that prosecutor to then argue that the trial court has no authority to enforce the order setting the date for trial. There are no extraordinary circumstances in the case *sub judice* which would condone a failure to abide by the subject order of court. Additionally, it is axiomatic that a court has inherent power to

enforce its own orders of court and that this court will not interfere with enforcement absent an abuse of discretion. *Commonwealth v. Carson,* 510 Pa. 568, 510 A.2d 1233 (1986); *Commonwealth v. Waldman,* 484 Pa. 217, 398 A.2d 1022 (1979).

Thus, the issue presented is not whether the court has the authority to sanction the Commonwealth for its failure to appear for trial on the date scheduled and, worse yet, on the date the Commonwealth itself had requested; but instead, whether the sanction employed is within the reasonable discretion of the trial court. This question was directly addressed by this court in *Carson.* In *Carson,* the trial judge dismissed the charges when the prosecutor assigned to the case failed to timely appear in his courtroom. The Superior Court reversed and reinstated the criminal charges; this court affirmed finding that the severe sanction of dismissal was unwarranted:

> In criminal cases, sanctions may be imposed upon individuals, including counsel for either side; sanctions that vindicate the authority of the court to maintain its schedule and enforce its orders. The failure of a party to appear at a scheduled time must involve more than a mere failure of time; the failure must involve a failure of justice or prejudice to a defendant to justify the discharge of a criminal action. When such interests are not involved, the offending party may be otherwise sanctioned without defeating the public interest.

*Carson,* at 571–72, 510 A.2d at 1235.

In some cases, under some facts, it may be appropriate for a court to dismiss charges where the Commonwealth fails to abide by an order of that court. It is absolutely necessary for a court to have the power and the tools not only to control its own docket, but also to control its own courtroom. Thus, the option of dismissal of charges is rooted in common law and inherent in the authority of the judiciary. *See Brocker v. Brocker,* 429 Pa. 513, 241 A.2d 336 (1968), *cert. denied,* 393 U.S. 1081, 89 S.Ct. 857, 21 L.Ed.2d 773 (1969).

Recently in *Konya v. District Attorney of Northampton County*, 543 Pa. 32, 669 A.2d 890 (1995), this court reaffirmed the concept that a court possess the inherent authority to dismiss a case where an order of that tribunal has been ignored or disobeyed by a litigant. In *Konya* the appellant filed a complaint in mandamus seeking to compel the District Attorney to bring criminal charges against the witnesses who allegedly perjured themselves in bringing about appellant's criminal conviction. Appellant therein failed to perfect service of the complaint. The Commonwealth Court found that appellee had suffered no prejudice from the defective service, therefore the court ordered appellant to properly perfect service of the complaint within fourteen days or suffer dismissal of the complaint in mandamus. Appellant failed to comply with the Commonwealth Court's order and the complaint was dismissed. This court affirmed the decision of the Commonwealth Court. In that case we found no abuse of discretion by the Commonwealth Court, even though appellee suffered no actual prejudice due to the imperfect service of process. Unlike appellee herein, the appellant in *Konya* had been specifically warned by the court that failure to comply with the order to perfect service would lead to dismissal of the complaint.

However, the discretion to dismiss is not unfettered and, as it is such a severe sanction, should be used only in instances of absolute necessity. Dismissal of criminal charges punishes not only the prosecutor, who was the offender in this case, but also the public at large, since the public has a reasonable expectation that those who have been charged with crimes will be fairly prosecuted to the full extent of the law. Thus, the sanction of dismissal of criminal charges should be utilized only in the most blatant of cases. Given the public policy goal of protecting the public from criminal conduct, a trial court should consider dismissal of charges where the actions of the Commonwealth are egregious and where demonstrable prejudice will be suffered by the defendant if the charges are not dismissed.

■ In the present case the prosecutor's scheduling of a vacation during the June trial term was inappropriate. In a county where there are jury trial terms of limited duration, and where no July term was scheduled, vacation time of trial attorneys should be secondary to the needs of the criminal justice system to properly and speedily provide due process to those accused of criminal acts. Accepting the improper act of the prosecutor, we must acknowledge the fact that no prejudice accrued to this defendant by virtue of the delay in his trial. This defendant in particular would be hard pressed to complain of a one month delay after having fled the jurisdiction for three years. The severe sanction of dismissal of all criminal charges was an unreasonable response to the admittedly discourteous and inexcusable affront to the court occasioned by the prosecutor's action in this case.

Although we acknowledge the inherent power of the trial court to act in order to preserve effectiveness of the judicial function, the sanction here was excessive and thus, an abuse of discretion. A less severe sanction levied directly at the offending attorney or the office of the District Attorney, such as a call for disciplinary action or the sanction of contempt with fine and costs, would have properly addressed the inexcusable conduct of the attorney, as well as the commensurate right of the public to have those accused of serious crimes brought to trial. It would also have reaffirmed the inherent and necessary power of the court to control its own business.

Accordingly, the decision of the Superior Court is reversed and the case is remanded to the trial court for further proceedings consistent with this opinion.

Jurisdiction is relinquished.

CASTILLE, J., files a concurring opinion in which NEWMAN, J., joins.

NIGRO, J., files a concurring opinion.

ZAPPALA, J., concurs in the result.

CASTILLE, Justice, concurring.

I agree that there was no violation of Rule 1100 in this matter, even though the Commonwealth failed to comply with the trial court's order mandating the commencement of appellee's criminal trial within sixty days after his re-arrest as a fugitive. Because the time period afforded by this Court's own rules in which to bring a criminal defendant to trial had not expired when the charges were dismissed, the trial court ignored a basic and long-standing rule of criminal procedure and relied on its own shortened time frame for granting a defendant an outright dismissal of the charges against him. This drastic relief to a fugitive who evaded apprehension for nearly two and a half years not only ignores the clear language of Rule 1100, but also contravenes this Court's previous decisions and the interests of justice.

On June 27, 1991, appellee was arrested and charged with aggravated assault,[1] simple assault,[2] and harassment[3] after attacking his wife in their home and assaulting a police officer who responded to her emergency call. Appellee was released on bail on July 9, 1991, and trial was ultimately scheduled for December 2, 1991. Appellee failed to appear and a bench warrant was issued for his arrest. On January 7, 1992, the Commonwealth filed a "Petition to Extend Time of Trial" until **"the last day of the term of jury trials which begins at least sixty (60) days following the defendant's availability."** Appellee did not respond. By Order filed on January 29, 1992, the trial court purported to grant the Commonwealth's petition, but, rather than specifying the language in the extension request highlighted above, the court merely "extended" the date on which trial could commence until "Sixty (60) days after availability" of defendant. In so doing, the trial court not only afforded the Commonwealth *less* time than it had requested, but it shortened the time period specifically allowed by this Court for the Commonwealth to try a defendant under Rule 1100.

1. 18 Pa.C.S. § 2702(a)(3).
2. 18 Pa.C.S. § 2701(a)(1).
3. 18 Pa.C.S. § 2709(1), (3).

Appellee was not apprehended until May 3, 1994 and trial was immediately scheduled for June 6, 1994. On that date, however, the assigned assistant district attorney was on vacation. Moreover, the Lebanon County Court of Common Pleas periodically schedules criminal trials only during the first week of each month and schedules no criminal trial term during the month of July. Thus, appellee's trial was rescheduled for the next possible trial date of August 1, 1994.[4] On July 6, 1994, appellee filed a motion to dismiss the complaint due to the Commonwealth's failure to bring appellee to trial within sixty days of his apprehension, in accordance with the trial court's January 29, 1992 Order. After a hearing on July 20, 1994, at which the parties stipulated to the facts, the trial court granted appellee's motion for discharge.

Thus, the sole basis for discharging this defendant, who faced the serious charges of assaulting his wife and a police officer, is the trial court's order purporting to "grant" the Commonwealth's request to **extend** the Rule 1100 time period, but in actuality failing to grant the Commonwealth the time it had initially requested, thereby shortening the Rule 1100 period by more than four months.[5] That result certainly is not what was intended when the Commonwealth sought to extend Rule 1100 and when the trial court "granted" the

---

**4.** While the date of August 1, 1994 was more than sixty days after appellee's re-arrest, it was within "the last day of the term of [criminal] jury trials which [began] at least sixty days following the defendant's availability."

**5.** Pa.R.Crim.P. 1100(a)(3) affords the Commonwealth 365 days from the date a criminal complaint is filed within which to bring to trial a defendant who is at liberty on bail. Further, it is axiomatic that any period of delay resulting from the unavailability of the defendant is to be excluded from the computation of that time period. Pa.R.Crim.P. 1100(c).

Here, it is undisputed that appellee's original trial date was only 159 days after his arrest. It is further undisputed that only 78 additional days passed from the time appellee was re-arrested until the time the charges against him were dismissed. Plainly, the 365–day period which the legislature has unambiguously provided to the Commonwealth to bring defendants to trial had not run and would not have expired until late November, 1994. Further, appellee has not, and indeed could not, claim that he was prejudiced by the short delay attributable to the Commonwealth.

**extension** request.[6] Regardless of the trial court's action, however, it is within the province of this Court to determine the time period within which a criminal defendant must be tried, and this Court has unequivocally determined that the interests of justice are best served by setting that time period at 365 days and also by excluding from the 365 days any period of delay resulting from the unavailability of the defendant. Further, there is nothing in our jurisprudence affording a trial court the authority to shorten that time period. Because the trial court had no authority to enter an order which shortened the time period fixed by this Court within which to bring appellee to trial, that order was void and had no effect. *See Barnes v. McKellar,* 434 Pa.Super. 597, 644 A.2d 770, *allocatur denied,* 539 Pa. 663, 652 A.2d 834 (1994) (when court takes action beyond power conferred upon it by law, its action is a nullity). It was, therefore, error to discharge appellee because of the Commonwealth's failure to comply with that order.

Assuming that the trial court's order "granting" the Commonwealth's "extension" request is valid, the dismissal of the criminal complaint in this matter was nonetheless error. This Court has made clear that a defendant's voluntary absence from trial on a day set within the Rule 1100 time period is a waiver of that rule, and trial after a defendant's voluntary absence is to be at the reasonable convenience of the court and prosecuting authorities. *Commonwealth v. Steltz,* 522 Pa. 233, 235, 560 A.2d 1390, 1391 (1989) (one's voluntary absence from a day set for trial within Rule 1100 is a waiver of that rule).

In this case, although appellee's dismissal was founded on a trial court order rather than on Rule 1100, the rationale of *Steltz* is applicable: Trial after a defendant's re-arrest as a fugitive from justice is to take place within a reasonable time. Here, where appellee absconded for two and a half years and was not apprehended until May, 3, 1994, the trial scheduled for three months later, August 1, 1994, was at the reasonable

6. Ironically, the Commonwealth had no obligation to file for an extension of time, but apparently did so only out of an abundance of caution.

convenience of the trial court and assistant district attorney.[7] Thus, appellee should not have been discharged due to the Commonwealth's failure to comply with the trial court's January 29, 1992 Order, just as the appellee in *Steltz* was not discharged when he was not tried within the confines of Rule 1100. Indeed, because in this case, unlike *Steltz*, there was no violation of a statute, the discharge granted to appellee is all the more unwarranted.[8]

This Court has repeatedly recognized that society's interest in law enforcement must be given its due concern before a criminal defendant is discharged under circumstances such as those presented here. For example, in the context of consid-

7. The Commonwealth apparently could have proceeded to trial on June 6, 1994 by reassigning the case to another assistant district attorney. However, the law as set forth in *Steltz* does not require a District Attorney's Office to rearrange its schedule to meet that of a criminal defendant who was a fugitive for two and a half years, where, as here, the Commonwealth's inability to proceed as scheduled resulted in a delay of only two months (until August 1, 1994), and the defendant was not at all prejudiced. In *Steltz*, after being arraigned on three counts each of involuntary deviate sexual intercourse, indecent assault, and corruption of minors, appellee was released on his own recognizance. Trial was scheduled for February 9, 1987 (the rule 1100 run date expired on February 28, 1987). After a jury was empaneled, appellee failed to appear and could not be located by his attorney. The trial judge recessed until 9:30 a.m. the following day. Appellee still failed to appear. Upon his apprehension eleven days later, a new trial date was set for May 4, 1987, almost three months after the expired Rule 1100 run date. He then filed for dismissal under Rule 1100. This Court found that when one "voluntarily absents themselves [sic] [from trial], for whatever reason, they go to the end of the line and must wait their turn after the convenience of the others the absence delayed." 522 Pa. at 235, 560 A.2d at 1391.

8. The majority chastises the prosecutor for allowing her personal vacation to take precedence over the trial of a criminal case to which she had been assigned some weeks before the vacation was to take place. There is no evidence in the record, however, about when the prosecutor had planned her vacation, the reason for her vacation from work, why it may have been necessary for the prosecutor to schedule her time out of the office for that particular week, or any hardship she might have suffered if forced to change her plans. Rather, the majority's criticism of the prosecutor appears to be based on the mere assumption that she could have easily scheduled her vacation for another time. Because there is nothing in the record to support that assumption, the suggestion that the prosecutor was inexcusably at fault for the short delay in the trial of this long-time fugitive who happened to be apprehended shortly before the prosecutor's vacation is unfair and unfounded.

ering a trial court's authority to enforce its orders when a prosecutor fails to comply, we observed that discharge of a defendant unnecessarily defeats the interests of public justice:

> While a trial court must have authority to regulate attendance upon its schedule and concomitant authority to sanction a breach, the sanction must be visited upon the offender and not upon the interests of public justice ... Criminal cases involve issues of public justice; issues that transcend the immediate parties. In criminal cases, sanctions may be imposed upon individuals, including counsel for either side; sanctions that vindicate the authority of the court to maintain its schedule and enforce its orders.

*Commonwealth v. Carson*, 510 Pa. 568, 571–572, 510 A.2d 1233, 1235 (1986).[9] We then concluded that in order to justify the discharge of a criminal complaint, a prosecutor's "failure must involve a failure of justice or prejudice to a defendant.... When such interests are not involved, the [prosecutor] may be otherwise sanctioned without defeating the public interest." *Id.* Certainly, in this case, the prosecutor's failure to comply with the trial court's January 29, 1992 Order implicated neither a failure of justice nor prejudice to the defendant.

Similarly, in the Rule 1100 context, we have recognized that, where there exists no Commonwealth misconduct designed to deprive an accused of his rights to a speedy trial, society's interests in law enforcement cannot be ignored. *Commonwealth v. Genovese*, 493 Pa. 65, 69–70, 425 A.2d 367, 369 (1981) ("So long as there is no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule 1100 must be construed in a manner consistent with society's right to punish and deter crime"). Here, society's right to punish and deter crime was virtually ignored.

Thus, although this Court has consistently recognized that a criminal complaint is not to be dismissed on the ground of

9. In *Carson,* the trial court dismissed a criminal complaint as a sanction against the Commonwealth for an assistant district attorney appearing late for a criminal trial.

prosecutorial delay without careful consideration of the public's interest in seeing that those accused of violent crimes are brought to trial, the trial court, on the basis of an inartful trial court order, has completely defeated that important societal interest by granting appellee the windfall of a complete discharge. Given the circumstances of this case—where appellee evaded apprehension for two and a half years, where trial was scheduled for only three months after appellees' re-arrest, where the Rule 1100 time period had not come close to running, and where appellee could not possibly claim prejudice from the delay—society's interest in law enforcement demands a different result.

NEWMAN, J., joins this concurring opinion.

NIGRO, Justice, concurring.

For no excusable reason, the Commonwealth requested an Order and then failed to abide by its terms. A trial court must possess the ability to vindicate its authority by imposing sanctions as it deems appropriate. While great deference must be conferred upon the trial court in assessing sanctions, under the facts of this case, an Appellant who had been in fugitive status for three years should not fortuitously benefit by having the criminal charges dismissed.

For this reason, I concur in the result reached by the Majority in this matter.