J-S25034-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MURSHID RASSOUL CASON, | |
| Appellant | No. 1791 WDA 2014 |

Appeal from the Judgment of Sentence October 10, 2014
in the Court of Common Pleas of Erie County
Criminal Division at No.: CP-25-CR-0002687-2013

BEFORE:  BENDER, P.J.E., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED MAY 06, 2015**

Appellant, Murshid Rassoul Cason, appeals from the judgment of sentence imposed following his bench trial conviction of possession with intent to deliver and other related drug offenses.[1]  Specifically, Appellant

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] On October 28, 2014, counsel for Appellant filed a purported notice of appeal "from the [j]udgment of [s]entence on September 30, 2014[.]" Appellant was originally sentenced on August 6, 2014.  The order of September 30, 2014 denied Appellant's post-sentence motion.  Furthermore, here, the court amended its sentence, on October 10, 2014.  In a criminal action, appeal properly lies from the judgment of sentence made final by the denial of post-sentence motions.  ***See Commonwealth v. Dreves***, 839 A.2d 1122, 1125 n.1 (Pa. Super. 2003) (*en banc*) (citing cases).  We have corrected the caption accordingly.

challenges the denial of his motion to dismiss pursuant to Pennsylvania Rule of Criminal Procedure 600, for lack of a prompt trial.[2] We affirm.

The complaint was originally filed on April 26, 2012. The Commonwealth withdrew these charges on December 5, 2012, because witnesses failed to appear and a laboratory report was unavailable. (**See** Trial Court Opinion, 11/18/14, at 1).

The Commonwealth re-filed charges on June 5, 2013. (**See** Information, 10/10/13, at 1-2; **see also** Commonwealth's Brief, at 7; Appellant's Brief, at 2). Appellant filed an omnibus pre-trial motion, which in pertinent part included a request for the charges to be dismissed pursuant to Rule 600. (**See** Omnibus Pre-trial Motion, 12/30/13). The trial court denied the motion on January 28, 2014.[3]

Following a non-jury trial on June 24, 2014, the court convicted Appellant of two counts of possession with intent to deliver (cocaine), possession of a small amount (8.56 grams) of marijuana and possession of

---

[2] On October 1, 2012, the Pennsylvania Supreme Court ordered that Rule 600 was rescinded and a new Pennsylvania Rule of Criminal Procedure 600 would be adopted effective July 1, 2013. **See** Pa.R.Crim.P. 600, Comment. The Rule 600 at issue in this appeal is the former version of the Rule.

[3] Appellant filed a motion for continuance on February 27, 2014, which the trial court granted on March 5, 2014. (**See** Order, 3/05/14; **see also** Appellant's Brief, at 2). On May 15, 2014, after the parties agreed to a non-jury trial, Appellant moved to continue the non-jury waiver colloquy (scheduled for May 20, 2014), which the court granted by order filed on May 16, 2014.

drug paraphernalia.[4]  The Commonwealth filed notice of its intent to seek a mandatory minimum sentence of three years' imprisonment plus a fine of $15,000.  On August 6, 2014, the court sentenced Appellant to an aggregate term of not less than thirty-six months' nor more than seventy-two months' incarceration, less six days' credit for time served.[5]

Appellant filed a post-sentence motion, again challenging the denial of his Rule 600 motion.  The court denied the motion without a hearing, (*see* Order, 9/30/14), but on October 10, 2014, reduced Appellant's sentence to not less than twelve months' nor more than thirty six months' incarceration (with credit for time served and RRRI eligibility).[6]  (*See* Amended Sentencing Order, 10/10/14).  This timely appeal followed.[7]

Appellant presents one generic question for our review:

> [Did t]he trial court [err] in failing to grant [Appellant's] motion to dismiss pursuant to Rule 600 of the Pennsylvania Rules of Criminal Procedure[?]

---

[4] The court found that count three, possession of 8.56 grams of marijuana merged with count five, possession of 8.56 grams of marijuana.  The court acquitted Appellant of one count of possession of seventeen dihydrocodeineone tablets.

[5] The court also imposed total fines of $15,200, and costs; it found Appellant to be RRRI and boot camp eligible.  (*See* Sentencing Order, 8/06/14).

[6] *See* Recidivism Risk Reduction Incentive Act, 61 Pa.C.S.A. §§ 4501-4512.

[7] Appellant's trial counsel filed a court-ordered statement of errors on November 12, 2014.  The trial court filed a memorandum opinion on November 18, 2014.  *See* Pa.R.A.P. 1925.

(Appellant's Brief, at 2).

In evaluating [Pa.R.Crim.P.] 600 issues, our standard of review of a trial court's decision is whether the trial court abused its discretion. Furthermore:

The proper scope of review [. . .] is limited to the evidence of record of the [Pa.R.Crim.P.] 600 evidentiary hearing, and the findings of the trial court. An appellate court must view the facts in the light most favorable to the prevailing party. Additionally, when considering the trial court's ruling, this Court is not permitted to ignore the dual purpose behind [Pa.R.Crim.P.] 600. [Pennsylvania Rule of Criminal Procedure] 600 serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. However, the administrative mandate of [Pa.R.Crim.P.] 600 was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.

So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, [Pa.R.Crim.P.] 600 must be construed in a manner consistent with society's right to punish and deter crime.

*Commonwealth v. Surovcik*, 933 A.2d 651, 653-54 (Pa. Super. 2007), *appeal denied*, 951 A.2d 1163 (Pa. 2008) (citation and footnote omitted). In reviewing whether the trial court abused its discretion, our Supreme Court has explained that:

[t]he term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion, within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to

- 4 -

prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.

***Commonwealth v. Widmer***, 744 A.2d 745, 753 (Pa. 2000) (citation omitted).

> To determine whether dismissal is required under Rule 600, a court must first calculate the "mechanical run date," which is 365 days after the complaint was filed. Rule 600(C) addresses situations where time can be excluded from the computation of the deadline. Pa.R.Crim.P. 600(C). Case law also provides that a court must account for any 'excludable time' and 'excusable delay.' Excludable time is delay that is attributable to the defendant or his counsel. Excusable delay is delay that occurs as a result of circumstances beyond the Commonwealth's control and despite its due diligence. . . .

> [T]he only occasion requiring dismissal is when the Commonwealth fails to commence trial within 365 days of the filing of the written complaint, taking into account all excludable time and excusable delay.

***Commonwealth v. Goldman***, 70 A.3d 874, 879–80 (Pa. Super. 2013), *appeal denied*, 85 A.3d 482 (Pa. 2014) (citations and some internal quotation marks omitted). "When calculating the number of days set forth herein, see the Statutory Construction Act, 1 Pa.C.S. § 1908." Pa.R.Crim.P. 600, Comment.[8]

---

[8] Section 1908, computation of time, provides:

> When any period of time is referred to in any statute, such period in all cases, except as otherwise provided in section 1909

*(Footnote Continued Next Page)*

Furthermore,

> Dismissal of charges is an "extreme sanction" that should be imposed sparingly and only in cases of blatant prosecutorial misconduct. ***Commonwealth v. Burke***, 566 Pa. 402, 781 A.2d 1136, 1144 (2000). A dismissal punishes not only the prosecutor, but also the public at large because "the public has a reasonable expectation that those who have been charged with crimes will be fairly prosecuted to the full extent of the law." ***Commonwealth v. Shaffer***, 551 Pa. 622, 712 A.2d 749, 753 (1998). Therefore, a trial court should consider dismissal of charges only where the actions of the Commonwealth are egregious and where demonstrable prejudice will be suffered by the defendant if the charges are not dismissed. ***Id.***

***Goldman***, *supra* at 881.

Preliminarily, here, we observe that Appellant's generic question fails to comply with Pennsylvania Rule of Appellate Procedure 2116, which provides in relevant part that "[t]he statement of the questions involved must state concisely the issues to be resolved, expressed in the terms and circumstances of the case but without unnecessary detail." Pa.R.A.P. 2116(a).

Similarly, Appellant fails to comply with Pa.R.A.P. 2119(a), which requires that "[t]he argument shall be divided into as many parts as there

*(Footnote Continued)* ⸻

> of this title (relating to publication for successive weeks) and section 1910 of this title (relating to computation of months) shall be so computed as to exclude the first and include the last day of such period. Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation.

1 Pa.C.S.A. § 1908.

are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a). We could quash or dismiss this appeal for Appellant's failure to identify a specific reviewable assertion of trial court error in the statement of questions involved.[9] *See* Pa.R.A.P. 2101. Nevertheless, in the interest of judicial economy, we will address the issues we are able to discern from the argument section of Appellant's non-compliant brief.

Appellant appears to offer two arguments in support of his general claim. (*See* Appellant's Brief, at 4). First, he asserts that the original complaint was not properly dismissed, and, secondly, he posits that the Commonwealth was attempting to circumvent Rule 600 by withdrawing and refiling the charges. (*See id.*). He maintains that the trial court should have granted his motion to dismiss the charges. (*See id.* at 9). We disagree.

_____

[9] Rule 2101 provides:

> Briefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed.

Pa.R.A.P. 2101.

For his first argument Appellant appears to propose that there is an independent requirement, beyond the conceded withdrawal of charges by the Commonwealth, that the charges must also be dismissed by the magisterial district judge: ("The complaint in this case was not dismissed by a magistrate or judicial authority. Rather, the [c]omplaint was withdrawn by the Commonwealth . . . ."). (**Id.** at 6). This claim relies on an excerpt from **Commonwealth v. Lynn**, 815 A.2d 1053, 1058 (Pa. Super. 2003), taken out of context. (**See** Appellant's Brief, at 5-6).

Initially, on this issue, we observe that Appellant has failed to ensure that the certified record includes any documentation prior to the entry of the re-filed charges, precluding meaningful review of the claim made about the disposition of the previously filed charges.

"Our law is unequivocal that the responsibility rests upon the appellant to ensure that the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty." **Commonwealth v. Preston**, 904 A.2d 1, 7 (Pa. Super. 2006), *appeal denied*, 916 A.2d 632 (Pa. 2007) (citation omitted). The **Preston** Court explained:

> This Court cannot meaningfully review claims raised on appeal unless we are provided with a full and complete certified record. This requirement is not a mere "technicality" nor is this a question of whether we are empowered to complain *sua sponte* of *lacunae* in the record. In the absence of an adequate certified record, there is no support for an appellant's arguments and, thus, there is no basis on which relief could be granted.

*Id.* (citation omitted). Accordingly, this claim is waived.

Moreover, even assuming Appellant's hypothesis, (that even if the Commonwealth withdrew the charges they should also have been formally dismissed by the magisterial district judge), to be true for the sake of discussion, the claim has no merit. (**See** Appellant's Brief, at 4: "prior complaint [must be] properly dismissed by a district magistrate").

This claim is belied by the plain language of the sole authority Appellant cites in support:

> [W]hen an initial complaint has been **withdrawn or otherwise dismissed**, the [Rule 600 time] period begins to run anew with the filing of a subsequent complaint only if (1) the earlier complaint was properly dismissed by a competent magisterial or judicial authority, and (2) the record does not reveal evidence of a prosecution attempt to circumvent Rule [600].

*Lynn*, *supra* at 1058 (emphasis added) (citations omitted); (**see** Appellant's Brief, at 5-6). Dismissal is not an independent requirement; it is an alternative predicate.

Moreover, even a cursory review of *Lynn* reveals that the real issue in that appeal was that the arresting officer was instructed to withdraw the complaint, and refile the same criminal charges on the same date because of "time problems." *Id.* at 1058. The *Lynn* Court concluded that this demonstrated "a blatant attempt by the Commonwealth to evade the requirements of Rule 600, and was nothing more than a pretext to circumvent the Rule." *Id.* *Lynn* does not support Appellant's claim. Appellant's claim lacks merit.

Because Appellant's first argument is without foundation in law or fact, it is, accordingly, legally frivolous. *See Commonwealth v. Chmiel*, 30 A.3d 1111, 1190 (Pa. 2011) ("A frivolous issue is one lacking in **any** basis in law or fact, but is distinguishable from an issue that simply lacks merit.") (emphasis in original) (citations omitted). Appellant's first claim is waived and lacks merit.

Next, Appellant baldly asserts that there is evidence that the Commonwealth was attempting to circumvent Rule 600. (*See* Appellant's Brief, at 4, 9). However, aside from noting that the Commonwealth "did not act promptly in refiling the charges," Appellant utterly fails to develop this issue, and offers neither pertinent authority nor reference to the record to support his claim. (*Id.* at 9); *see also* Pa.R.A.P. 2119(a)-(c).

Instead, Appellant merely makes the bald assertion that "the trial . . . did not take place in a speedy manner due to the Commonwealth's inability to prosecute the case in a timely manner." (Appellant's Brief, at 9). The claim is unsupported and circuitous. Accordingly, Appellant's second claim is waived.

Moreover, it would not merit relief. The trial court found that the magisterial district judge continued the preliminary hearing, a delay over which the Commonwealth had no control. (*See* Trial Ct. Op., at 1).

> Our Supreme Court [has] reasoned that the Commonwealth will be allowed the benefit of filing [a] second complaint where the withdrawal and re-filing of the charges is necessitated by factors beyond its control. . . . Due diligence is

fact-specific, to be determined case-by-case; it does not require perfect vigilance and punctilious care, but merely a showing the Commonwealth has put forth a reasonable effort.

***Commonwealth v. Rhodes***, 54 A.3d 908, 912 (Pa. Super. 2012) (quoting

***Commonwealth v. Leak***, 22 A.3d 1036, 1042 (Pa. Super. 2011), *appeal*

*denied*, 31 A.3d 291 (Pa. 2011)) (quotation marks and other punctuation

omitted).

Here, the Commonwealth asserts that it was duly diligent. (***See*** Commonwealth's Brief, at 4). The trial court, in effect, makes the same finding. (***See*** Trial Ct. Op., 11/18/14, at 1) ("The Commonwealth acted reasonably and appropriately under the circumstances."). Appellant offers no evidence to the contrary. Instead, after conceding that the continuances between June 20, 2012 and December 5, 2012 were attributable to the defense, Appellant makes the mere bald assertion that four enumerated periods are all attributable to the Commonwealth. (***See*** Appellant's Brief, at 6).

Appellant concedes that the first period of fifty-five days (April 26, 2012 to June 20, 2012) were due to the continuance by the magisterial district judge. (***See id.***). For the other three time periods, Appellant provides no explanation whatsoever. It is not the role of this Court to develop an argument for a litigant, or to scour the record to find evidence to support an argument. ***See J.J. DeLuca Co., Inc. v. Toll Naval***

*Associates*, 56 A.3d 402, 411 (Pa. Super. 2012). This second issue is waived for that reason as well.

The Commonwealth notes that the second criminal complaint was filed on June 5, 2013. (*See* Commonwealth's Brief, at 7). Therefore, the mechanical run date was June 5, 2014. The Commonwealth asserts, and our independent review of the record confirms, that Appellant's trial counsel filed a Motion for Extension of Time to File Omnibus Pre-trial Motion, on November 27, 2013. (*See* Motion, 11/27/13).

The trial court granted an extension until December 30, 2013, the date on which trial counsel in fact filed the motion. Therefore, based on this motion alone, there were thirty-three days of excludable time, and the adjusted run date became July 8, 2014. The trial occurred on June 24, 2014. Appellant was tried well within the time prescribed by Rule 600.

The trial court asserts, without further explanation, that even if all the time is tabulated from the filing of the **first** complaint, not including excludable time from April 26, 2012 to December 5, 2012, Appellant was still promptly tried. (*See* Trial Ct. Op., at 2). The Commonwealth makes a similar argument. (*See* Commonwealth's Brief, at 7-9). However, because the Commonwealth is allowed the benefit of filing a second complaint, we need not address this issue. *See Rhodes*, *supra* at 912. We discern no basis to disturb the discretion of the trial court. *See Widmer*, *supra* at 753.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/6/2015