J-S31022-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TAN CAO NGUYEN | |
| Appellant | No. 1512 WDA 2018 |

Appeal from the PCRA Order Entered September 18, 2018
In the Court of Common Pleas of Venango County
Criminal Division at No: CP-61-CR-0000067-2017

BEFORE: OLSON, STABILE, and McLAUGHLIN, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED AUGUST 12, 2019**

Appellant, Tan Cao Nguyen, appeals from the September 18, 2018 order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46, after Appellant and his counsel failed to appear at a scheduled hearing. We vacate and remand.

On May 5, 2017, Appellant pled guilty but mentally ill to a charge of attempted robbery of a motor vehicle[1] and related offenses. On June 1, 2017, the trial court imposed an aggregate three to twenty-two and one-half years of incarceration. Appellant did not file a direct appeal, and therefore his judgment of sentence was final as of July 1, 2017. On June 29, 2018,

---

[1] 18 Pa.C.S.A. § 3921(a).

Appellant filed this timely, counseled, first PCRA petition, alleging ineffective assistance of prior counsel.

On July 17, 2018, the trial court entered an order scheduling a hearing on the petition for September 14, 2018. The trial court faxed that order to PCRA counsel's fax number, which appeared on counsel's letterhead and underneath counsel's signature on the PCRA petition. Rule 114 of the Pennsylvania Rules of Criminal Procedure permits the trial court to serve orders by facsimile where a party requests that method of service by "filing a written request for this method in the case **or** including a facsimile number or an electronic address on a prior legal paper filed in the case[.]" Pa.R.Crim.P. 114(B)(3)(c)(i). Given the presence of counsel's facsimile number underneath his signature on the PCRA petition, we reject Appellant's argument that service of the scheduling order was improper.

Nonetheless, we conclude that dismissal of Appellant's petition is not an appropriate remedy in this case. In **Commonwealth v. Carson**, 510 A.2d 1223 (Pa. 1986), our Supreme Court addressed a trial court's authority to issue sanctions where a party misses a hearing. In **Carson**, the trial court dismissed criminal charges where a prosecutor was late for trial. "While a trial court must have authority to regulate attendance upon its schedule and concomitant authority to sanction a breach, the sanction must be visited upon the offender and not upon the interests of public justice." **Id.** at 1235; **see also**, **Commonwealth v. Shaffer**, 712 A.2d 749 (Pa. 1998) (plurality).

"Criminal cases involve issues of public justice; issues that transcend the immediate parties. In criminal cases, sanctions may be imposed upon individuals, including counsel for either side; sanctions that vindicate the authority of the court to maintain its schedule and enforce its orders." ***Id.***

Appellant's brief states that counsel did not anticipate receiving orders in this matter by fax, that counsel's fax machine receives many spam faxes, and that the trial court's order was sorted into the fax machine's spam folder. Appellant's Brief at 8. Assuming the information about counsel's fax machine is correct, common sense would dictate omitting any reference to that number in any legal filing.[2] But this is clearly counsel's error, not Appellant's.

In dismissing Appellant's petition, the PCRA court faulted Appellant for failing to procure transcripts or present any evidence that would have supported his claims of ineffective assistance of counsel. PCRA Court Opinion, 12/21/18, at 4 (pagination ours). "In addition to being absent, [Appellant] did not present anything that would indicate he would have been prepared to prove his claims. For example, [Appellant] argues he received ineffective assistance of counsel, however, [Appellant] did not order any transcripts of any prior hearings to support his claim." ***Id.*** Thus, the court determined it

---

[2] This information was presented to the PCRA court in a petition to vacate the order dismissing Appellant's petition. Petition to Vacate Dismissal of PCRA, 10/2/18. The PCRA court does not appear to question the credibility or factual accuracy of counsel's explanation for his failure to appear at the scheduled hearing.

had discretion to dismiss. We conclude that these failings are attributable to counsel's failure to monitor a fax machine whose number he provided to the PCRA court on legal papers filed in this matter. Given counsel's unawareness of the scheduled hearing, the lack of preparedness to present a case is unsurprising. As the **Carson** Court wrote, "the sanction must be visited upon the offender and not upon the interests of public justice." **Carson**, 510 A.2d at 1235. Here, a PCRA petition deemed worthy of a hearing has been dismissed because counsel mishandled the court's scheduling order. We conclude the PCRA court abused its discretion in dismissing the case rather than issuing a different sanction tailored to address counsel's mistake. We therefore vacate the PCRA court's order and remand for further proceedings.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/12/2019