J-S45018-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                                :           PENNSYLVANIA
                                :

            v.                    :
                                :

CARLOS  RIVERA              :
                                :
           Appellant         :     No. 161 EDA 2019

Appeal from the Judgment of Sentence Entered September 4, 2015
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0000283-2014

BEFORE:   BENDER, P.J.E., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY MURRAY, J.:          **FILED AUGUST 28, 2019**

Carlos Rivera (Appellant) appeals from the judgment of sentence imposed after he pled guilty to third-degree murder, five counts of endangering the welfare of children (EWOC), three counts of simple assault, aggravated assault, and related charges.[1]  Additionally, Appellant's counsel, Stephen T. O'Hanlon, Esquire (Counsel), seeks to withdraw from representation pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009).  Upon review, we affirm Appellant's judgment of sentence and grant Counsel's petition to withdraw.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2502(c), 4304(a)(1), 2701(a), 2702(a).

Due to our disposition, we need not restate the horrific facts underlying Appellant's convictions. Appellant entered an open guilty plea on June 11, 2015. On September 4, 2015, the trial court sentenced Appellant to an aggregate term of 30 to 60 years in a state correctional institution. Appellant filed an untimely post-sentence motion to reconsider his sentence on October 2, 2015, which the trial court denied by operation of law on February 4, 2016. No direct appeal was filed.

On March 2, 2016, Appellant filed a *pro se* petition for post-conviction relief seeking to have his direct appeal rights reinstated *nunc pro tunc*. Gary Sanford Server, Esquire, was appointed as counsel, but was subsequently permitted to withdraw after filing a **Turner/Finley**[2] no-merit letter. Thereafter, the PCRA court appointed Counsel, who filed an amended PCRA petition on June 14, 2018. On January 11, 2019, the PCRA court granted Appellant's petition and reinstated his direct appeal rights *nunc pro tunc*.

This timely appeal followed. On January 15, 2019, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Rule 1925 of the Pennsylvania Rules of Appellate Procedure. Counsel complied, filing a statement pursuant to Pa.R.A.P. 1925(c)(4), indicating his intention to file an **Anders** brief on appeal. On March 11, 2019, Counsel petitioned for leave to withdraw with this Court.

---

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).

At the outset, we note that there are particular mandates that counsel seeking to withdraw pursuant to **Anders** must follow. These mandates and the significant protection they provide to an **Anders** appellant arise because a criminal defendant has a constitutional right to a direct appeal and to counsel on that appeal. **Commonwealth v. Woods**, 939 A.2d 896, 898 (Pa. Super. 2007). We have summarized these requirements as follows:

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.
>
> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of **Anders,** this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf).

**Id.** (citations omitted).

Additionally, there are requirements as to precisely what an **Anders** brief must contain:

> [T]he **Anders** brief that accompanies court-appointed counsel's petition to withdraw … must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of

record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d 349, 361 (Pa. 2009). When presented with a purported *Anders* brief, we may not review the merits of the underlying issues without first deciding whether counsel has properly requested permission to withdraw. *Commonwealth v. Wimbush*, 951 A.2d 379, 382 (Pa. Super. 2008) (citation omitted). If counsel has satisfied the above requirements, it is then this Court's duty to conduct a review of the trial court proceedings to determine whether there are any other non-frivolous issues that the appellant could raise on appeal. *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

Instantly, we conclude that Counsel has complied with the requirements outlined above. Counsel filed a petition with this Court stating that after reviewing the record, he finds this appeal to be wholly frivolous. Application to Withdraw as Counsel, 3/11/19, at ¶ 3. In conformance with *Santiago*, Counsel's brief includes summaries of the facts and procedural history of the case, and discusses the issues he believes might arguably support Appellant's appeal. *See Anders* Brief at 5-14. Counsel's brief sets forth his conclusion that the appeal is frivolous and includes citation to relevant authority. *Id*. at 8-14. Finally, Counsel has attached to his petition to withdraw the letter that he sent to Appellant, which enclosed Counsel's petition and *Anders* brief. Counsel's letter advised Appellant of his right to proceed *pro se* or with private

counsel and to raise any additional issues that he deems worthy of this Court's consideration.

Counsel's *Anders* brief lists two issues that, according to Appellant, possess arguable merit:

1. Appellant's plea counsel forced Appellant into taking a plea by forecasting a prospective sentence and Appellant's plea was not, therefore, voluntary.

2. Appellant should have been allowed to withdraw his plea after the imposition of sentence and Appellant told plea counsel that he wanted to motion to withdraw his plea after the imposition of sentence.

Pa.R.A.P. 1925(c)(4) Statement, 2/1/19.

Both of Appellant's issues challenge the validity of his guilty plea.

"It is well-settled that the decision whether to permit a defendant to withdraw a guilty plea is within the sound discretion of the trial court." *Commonwealth v. Hart*, 174 A.3d 660, 664 (Pa. Super. 2017) (applying abuse of discretion in post-sentencing context). The term discretion

> imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion, and discretionary power can only exist within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judges. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary action. Discretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.

*Commonwealth v. Shaffer*, [ ] 712 A.2d 749, 751 ([Pa.]1998) (citation omitted).

***Commonwealth v. Kehr***, 180 A.3d 754, 756-57 (Pa. Super. 2018).

Importantly, we have explained:

In order to preserve an issue related to a guilty plea, an appellant must either "object[ ] at the sentence colloquy or otherwise raise [ ] the issue at the sentencing hearing or through a post-sentence motion." ***Commonwealth v. D'Collanfield***, 805 A.2d 1244, 1246 (Pa. Super. 2002). ***See*** Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i); see also Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

***Commonwealth v. Monjaras-Amaya***, 163 A.3d 466, 468–69 (Pa. Super. 2017).

Here, Appellant never filed a post-sentence motion seeking to withdraw his guilty plea. Additionally, the transcript of the sentencing proceedings reveals that Appellant did not challenge his guilty plea during sentencing. ***See*** N.T., 9/4/15, at 237-40. Thus, Appellant has waived his claims challenging the validity of his guilty plea. ***See Monjaras-Amaya***, 163 A.3d at 468-69. Counsel is correct that raising this issue on appeal would be frivolous.

Moreover, even if Appellant had properly preserved his challenges to his guilty plea, we would conclude that the claims are frivolous. Based on our review of the certified record, including Appellant's written colloquy and the transcript of his guilty plea, we conclude that Appellant's guilty plea was knowing, voluntary, and intelligent. The record reflects that the trial court informed Appellant of the nature of the charges to which he pled guilty, the factual basis for the plea, his right to trial by jury, the presumption of innocence, the sentences, and that the court was accepting the guilty plea.

N.T., 6/11/15, at 5-58; Written Guilty Plea Colloquy, 6/11/15, at 1-3. Therefore, there is no support for Appellant's claim that his guilty plea was not knowing, voluntary or intelligent.

Finally, after conducting our own independent review of the record, we have determined that there are no issues of merit and agree with Counsel's assessment that Appellant's direct appeal is frivolous. ***See Dempster***, 187 A.3d at 272. We thus find this appeal wholly frivolous and permit Counsel to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/28/19