J-S24025-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICKY BASKINS | : | No. 1074 WDA 2023 |

Appeal from the Order Entered September 15, 2023
In the Court of Common Pleas of Clearfield County
Criminal Division at No(s): CP-17-CR-0000066-2023

BEFORE: BOWES, J., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY SULLIVAN, J.: **FILED: DECEMBER 24, 2024**

The Commonwealth appeals from the order granting the motion *in limine* of Ricky Baskins ("Baskins"). We reverse.

The trial court set forth the factual and procedural history as follows:

[I]n December [] 2022, a criminal complaint was filed, which charged . . . Baskins[] with possession of firearm prohibited, receiving stolen property, firearms not to be carried without a license, terroristic threats, and disorderly conduct. The affidavit of probable cause averred that [Baskins] pulled a gun on a woman in the parking lot of the Red Roof Inn in Lawrence Township, Clearfield County. [Baskins] told the woman to stay away and threatened to shoot her and her dog. Police located [Baskins] at the nearby Sapps Bros.[,] where his semi-truck was being worked on. The Lawrence Township Police Department (hereinafter "LTPD") obtained a search warrant to locate any firearms within [Baskins'] semi-truck. During the search, LTPD discovered a Ruger pistol that was reported stolen out of Kansas City. LTPD also ran a criminal background search on [Baskins], and they believed [Baskins] was prohibited from possessing firearms due to an out-of-state conviction.

---

[*] Former Justice specially assigned to the Superior Court.

[Baskins] waived his preliminary hearing . . ., and all charges were held for court. Subsequently, [Baskins] submitted an informal request for discovery to the Commonwealth [i]n January [] 2023. Following [Baskins'] formal arraignment, he filed motions to compel discovery and [for an] extension of time to file omnibus pretrial motions. [I]n February [] 2023, th[e c]ourt entered an order granting [Baskins'] motion to compel[,] and required the Commonwealth to provide all discovery . . . mandated under the Rules of Criminal Procedure[].

Jury selection was held on June 8, 2023, [**over three months prior to the scheduled jury trial**,] and the jury trial was scheduled for September 13, 2023. The Commonwealth filed a motion to amend [the criminal] information on September 7, 2023, which was scheduled for a hearing [the day before trial] on September 12, 2023. The day of the hearing, [Baskins] filed a motion *in limine*, which requested evidence be excluded from use at the jury trial for the Commonwealth's failure to timely provide the discovery[, including: a one-page document confirming the firearm recovered from Baskins was stolen, which the Commonwealth received from LTPD days before trial and thereafter disclosed to Baskins' counsel; and a forty-nine page report, which LTPD prepared the day before trial and which the Commonwealth received and disclosed the day before trial, showing that the firearm was operable and that Baskins did not have a concealed carry permit]. [With] no objection from [Baskins], [the trial c]ourt granted the Commonwealth's request to amend the information. Following argument on [Baskins'] motion *in limine*, th[e c]ourt granted the motion and prohibited the Commonwealth from introducing the one-page report confirming the handgun was stolen and the forty-nine-page packet . . ..

On September 13, 2023, the Commonwealth filed a [timely] notice of appeal, which certified that the [trial c]ourt's [o]rder . . . terminated or substantially handicapped the prosecution. . ..

Trial Ct. Op., 12/21/23, at 1-2 (footnotes and unnecessary capitalization omitted; italics and emphasis added). Both the Commonwealth and the trial court complied with Pa.R.A.P. 1925.

The Commonwealth raises the following question for our review:

> Did the trial court err in granting [Baskins'] motion *in limine*[,] which precluded the introduction of the Commonwealth's evidence for trial, which substantially handicapped the prosecution in this case?

Commonwealth's Brief at 4.[1]

_____

[1] The Commonwealth has certified that the trial court's order terminates or substantially impairs the prosecution, as required by Pa.R.A.P. 311(d). Baskins argues the trial court's order is not appealable because the jury was empaneled prior to the disposition of this pretrial motion. **See** Baskins' Brief at 5 (citing **Commonwealth v. Gordon**, 673 A.2d 866, 869 (Pa. 1996)). Baskins argues that, per **Gordon**, "Once the jury is empaneled, jeopardy has attached and the Commonwealth may not appeal, **with few exceptions**, from any rulings or verdicts which occur after empanelment." 673 A.2d at 869 (emphasis added). Baskins argues that because the jury was empaneled **three months** before trial, and the disputed ruling occurred after empanelment (but before trial), the trial court's order is not appealable.

We note that Rule 311(d) "has been limited to pre-trial rulings **precisely because to hold otherwise would permit the Commonwealth to appeal mid-trial from adverse rulings** entered by the trial court that might hamper the prosecution." **Commonwealth v. Andre**, 17 A.3d 951, 957 (Pa. Super. 2011) (emphasis added). There can be no serious contention that the Commonwealth's appeal occurred prior to trial, notwithstanding that jury selection, for reasons not apparent to this Court, occurred three months prior to trial. Accordingly, the policy behind Rule 311(d), namely, to prevent the Commonwealth from appealing from adverse orders mid-trial, is not implicated in the case *sub judice*. Additionally, the portion of our Supreme Court's decision in **Gordon** that Baskins relies on is *dictum* because the issue in that case was whether the Commonwealth was **required** to wait to appeal until after the trial court reconsidered mid-trial its pretrial ruling. **See Gordon**, 673 A.2d at 868-69. **Gordon** did not address the circumstance presented here, *i.e.*, whether the Commonwealth is precluded from appealing pretrial rulings under Rule 311(d) when the jury has been empaneled months in advance of the trial. For these reasons, we decline Baskins' invitation to conclude the order at issue is not appealable pursuant to Rule 311(d).

Our standard of review for orders addressing discovery matters is as follows:

> "[D]ecisions involving discovery in criminal cases lie within the discretion of the trial court." ***Commonwealth v. Smith***, 955 A.2d 391, 394 (Pa. Super. 2008). We will not reverse a trial court's order absent an abuse of that discretion. [***See id***.] We note, however, that the trial court's discretion is not unfettered. [***See id***.] at 395. As to the relief granted, our cases have held that [the remedy for discovery violations has] a proportionality requirement. [***See***] ***Commonwealth v. Jordan***, 125 A.3d 55, 65 (Pa. Super. 2015) (*en banc*) (noting that although the trial court is accorded discretion, there are limits upon sanctions the trial court can impose).

***Commonwealth v. Alston***, 233 A.3d 795, 804 (Pa. Super. 2020) (emphasis omitted).

In its sole appellate issue, the Commonwealth argues the trial court abused its discretion by ordering an "extreme and inappropriate sanction" for a discovery violation. ***See*** Commonwealth's Brief at 12. The applicable law is as follows. Pennsylvania Rule of Evidence 573(A) provides that the parties shall make a good faith effort to informally resolve discovery matters, after which a party may move for disclosure of items if the other party has refused to disclose them. Rule 573(B)(1) delineates items and information subject to mandatory disclosure, and Rule 573(B)(2) provides for discretionary disclosure of certain items.

Rule 573(E) establishes the remedy for discovery violations:

**(E) Remedy.** If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule, the court may order such party to permit discovery or inspection, may grant a continuance, or may prohibit

- 4 -

such party from introducing evidence not disclosed, other than testimony of the defendant, or it may enter such other order as it deems just under the circumstances.

Pa.R.Crim.P. 573(E).  Regarding remedies for discovery violations, this Court has explained:

> Although not expressly included in the list of remedies, a trial court does have the discretion to dismiss the charges, but only for the most extreme and egregious violations. [**See**] **Commonwealth v. Burke**, [] 781 A.2d 1136, 1144 ([Pa.] 2001) (quoting **Commonwealth v. Shaffer**, [] 712 A.2d 749, 752 ([Pa.] 1998)) (". . . the sanction of dismissal of [criminal] charges should be utilized [] only [in] the most blatant [of] cases.  Given the public policy goal of protecting the public from criminal conduct, a trial court should consider dismissal of charges where the actions of the Commonwealth are egregious and where demonstrable prejudice will be suffered by the defendant if the charges are not dismissed.").

**Commonwealth v. Hemingway**, 13 A.3d 491, 502 (Pa. Super. 2011).  Where a trial court does not dismiss charges based on a discovery violation, but enters an order precluding the admission of evidence crucial to the Commonwealth's case, it is a "distinction without a difference" that the trial court precluded evidence rather than dismissed charges.  **Smith**, 955 A.2d at 394.  Accordingly, we apply the same principles, namely, that dismissal of charges against a defendant is "an extreme and inappropriate sanction for the Commonwealth's failure to disclose certain evidence."  **Id**.

In most cases where there is a discovery violation, "ordering a continuance will be an adequate remedy."  **Id**. at 395.  Where there is no evidence that the Commonwealth intended to provoke the defendant into seeking a mistrial or deprive him of a fair trial, and the evidence is otherwise

admissible, if the only prejudice to the defendant is surprise, a continuance is appropriate, and preclusion of the evidence is an abuse of discretion. *See id*.

The Commonwealth argues the trial court abused its discretion by precluding the evidence that Baskins' firearm was stolen and operable. The Commonwealth maintains that it only realized on September 11, 2023 that it was missing documentation showing the firearm Baskins possessed was stolen, and that when it received the document from LTPD that day, it immediately turned the evidence over to Baskins. *See* Commonwealth's Brief at 14. Additionally, on September 12, 2023, LTPD performed an operability test on the firearm and generated a report showing the firearm was operable; that same morning, the Commonwealth disclosed the report to Baskins. *See id*. The Commonwealth argues that the only prejudice to Baskins was that counsel would need more time to prepare for the trial, and, accordingly, a continuance would have been an adequate remedy. *See id*. at 14-15. The Commonwealth argues that while it disclosed this evidence late, it nevertheless promptly disclosed the evidence after having obtained it once it noticed the evidence was missing. *See id*. at 15-16. Lastly, the Commonwealth argues the trial court's order "serves only to punish the Commonwealth," and also the public. *See id*. at 16 (quoting *Shaffer*, 712 A.2d at 752).

The trial court considered the Commonwealth's issue and concluded it merits no relief. The court explained on the record that it was granting

Baskins' motion *in limine* because "the discovery being provided either yesterday or today is just too late; it's just too prejudicial." N.T., 9/12/23. There is no indication the trial court considered whether the prejudice could be cured by granting a continuance. In its Rule 1925(a) opinion, the court elaborated as follows: the Commonwealth failed to provide complete discovery following informal requests and an order granting Baskins' motion to compel discovery. **See** Trial Ct. Op., 12/21/23, at 3. The court reasoned that the Commonwealth's failure to provide discovery—notwithstanding that the first item (confirming the firearm was stolen) was in the LTPD's possession earlier in the case—prejudiced Baskins because it prevented him from "being able to adequately prepare a defense for trial," and that, pursuant to Rule of Criminal Procedure 573(E), the appropriate remedy was to exclude the evidence from trial.

Based on our review, we conclude the trial court abused its discretion. While we do not condone the Commonwealth's apparent negligence in providing late discovery, nevertheless, the trial court failed to consider several relevant factors including whether the Commonwealth acted in bad faith to prejudice Baskins by depriving him of a fair trial or provoking him to move for a mistrial. **See Smith**, 955 A.2d at 395. Additionally, the trial court did not consider whether the prejudice to Baskins, *i.e.*, the "very limited opportunity [for counsel] to . . . investigate" the documents, N.T., 9/12/23, at 5, could be

cured by the grant of a continuance. ***See Smith***, 955 A.3d at 394.[2] Lastly, the trial court failed to properly consider the effect of its order granting Baskins' motion *in limine*, namely, the effective dismissal of at least some of the charges. ***See*** N.T., 9/12/23, at 12; ***see also Hemingway***, 13 A.3d at 502 (dismissal of charges for a discovery violation is to be reserved for "extreme and egregious violations"). For the foregoing reasons, the trial court abused its discretion, and, therefore, we reverse the order granting Baskins' motion *in limine*.

Order reversed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 12/24/2024

---

[2] We observe that Baskins only generally asserts prejudice on appeal: "[T]he defense ha[d] little opportunity to investigate the provided documents, conduct any follow-up testing or interviews, or modify planned defense strategies." Baskins' Brief at 10-11. Baskins does not explain how this prejudice could not have been cured by a continuance.