Jeremy–Evan Alva, Alva & Associates, Philadelphia, for Lamont Brodie.

### ORDER

PER CURIAM.

**AND NOW,** this 31st day of August, 2015, the Order of the Court of Common Pleas is hereby **AFFIRMED.** *See Commonwealth v. Hopkins,* —— Pa. ——, 117 A.3d 247 (2015).

COMMONWEALTH of Pennsylvania, Appellant

v.

Faruq ROBINSON, Appellee.

Commonwealth of Pennsylvania, Appellant

v.

Robert L. Green, Appellee.

Commonwealth of Pennsylvania, Appellant

v.

Ryan Baker.

Superior Court of Pennsylvania.

Argued Feb. 3, 2015.
Filed Aug. 3, 2015.
Reargument Denied Oct. 9, 2015.

Samuel H. Ritterman, Assistant District Attorney, Philadelphia, for Commonwealth, Appellant.

Gary S. Server, Philadelphia, for Robinson, appellee.

Courtney B. Kirschner, Philadelphia, for Green and Baker, appellees. (Submitted)

BEFORE: GANTMAN, P.J., SHOGAN, J., and ALLEN, J.

OPINION BY GANTMAN, P.J.:

Appellant, the Commonwealth of Pennsylvania, appeals from the orders entered in the Philadelphia County Court of Common Pleas, which precluded the testimony of the victims at trial because the Commonwealth refused to provide written transcripts of the victims' video interviews. We reverse and remand for further proceedings.

The relevant facts and procedural history of these consolidated appeals are as follows. Appellee Robinson was charged with involuntary deviate sexual intercourse ("IDSI")—forcible compulsion, three counts of unlawful contact with a minor, five counts of endangering the welfare of a child ("EWOC"), five counts of corruption of minors, rape by forcible compulsion, IDSI—complainant less than sixteen years of age, three counts of indecent assault—complainant less than thirteen years of age, four counts of simple assault, four counts of recklessly endangering another

person ("REAP"), and four counts of aggravated assault. Appellee Green was charged with unlawful contact with a minor, EWOC, corruption of minors, and indecent assault. Appellee Baker was charged with two counts of rape, three counts of unlawful contact with a minor, three counts of unlawful restraint, two counts of sexual assault, three counts of false imprisonment, three counts of corruption of minors, two counts of simple assault, and three counts of EWOC. All of Appellees' charges stemmed from the physical and sexual abuse of the victims, who were minors at the times of the offenses.

In conjunction with the investigation of Appellees' offenses, the Philadelphia Children's Alliance ("PCA") conducted video forensic interviews of all the victims. During discovery, the Commonwealth gave Appellees copies of all the victims' PCA video interviews. Thereafter, Appellees filed motions to compel verbatim transcripts of each victim's video interview. In the cases of Appellees Green and Baker, Appellees requested that the Commonwealth prepare the transcripts, which the court granted in both cases. In Appellee Robinson's case, however, Appellee initially requested that PCA prepare the transcripts. Following a hearing, the court in Appellee Robinson's case ordered PCA to prepare the transcripts. Nevertheless, PCA filed a motion for reconsideration in which PCA argued the court lacked authority to order PCA to transcribe the victims' interviews and the cost of transcription would be prohibitive, as PCA is a non-profit organization. After conducting a hearing on PCA's motion in Appellee Robinson's case, the court rescinded its previous decision and ordered the Com-

monwealth to prepare the transcripts, as the Commonwealth planned to call the victims to testify at trial.

In all cases, the Commonwealth declined to transcribe the victims' interviews. In response, the court precluded the Commonwealth from calling the victims to testify at Appellees' respective trials. The Commonwealth filed timely appeals, which certified that the court's orders terminated or substantially handicapped the prosecution against Appellees.[1] The Commonwealth also filed voluntary concise statements of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On March 9, 2015, this Court consolidated the Commonwealth's appeals in the Robinson, Green, and Baker cases.

The Commonwealth raises the following issue for our review:

WHERE, DURING DISCOVERY, THE COMMONWEALTH GAVE [APPELLEES] COPIES OF VIDEOTAPED INTERVIEWS OF THE … CHILD SEXUAL AND PHYSICAL ABUSE VICTIMS, DID THE [TRIAL] COURT ABUSE ITS DISCRETION IN SUPPRESSING THE VICTIMS' TESTIMONY BECAUSE THE COMMONWEALTH REFUSED TO CREATE VERBATIM WRITTEN TRANSCRIPTS?

(Commonwealth's Brief at 3).

The Commonwealth argues the court lacked authority to order the Commonwealth to prepare written transcripts of the victims' PCA video interviews. The Commonwealth claims it fulfilled its discovery obligation when it gave Appellees DVD copies of the victims' interviews. The Commonwealth alleges the court's re-

---

1. "In a criminal case, under the circumstances provided by law, the Commonwealth may take an appeal as of right from an order that does not end the entire case where the Commonwealth certifies in the notice of appeal that the order will terminate or substantially handicap the prosecution." Pa.R.A.P. 311(d).

liance on purported federal practice of preparing transcripts for all audio and video evidence has no support in the record as the Federal Rules of Criminal Procedure do not embody this practice. The Commonwealth also contends the court improperly relied on Rules 403, 611, and 613 of the Pennsylvania Rules of Evidence to justify its decision or to provide the court with inherent rule-making authority and discretionary power. The Commonwealth asserts the court cannot usurp our Supreme Court's exclusive authority to make rules of criminal procedure and enact rules for audio and video evidence. The Commonwealth also avers that the court's reliance on 42 Pa.C.S.A. § 323 as supposed proof of the court's inherent power to enact criminal procedure rules is misplaced. Specifically, the Commonwealth claims Section 323 does not grant individual trial judges the power to enact rules of criminal procedure specific to their courtrooms. Rather, Section 323 authorizes Courts of Common Pleas to establish local rules of procedure which are consistent with Pennsylvania statewide rules of procedure.

The Commonwealth also argues the court lacked authority to order the Commonwealth to assume the financial burden of creating verbatim written transcripts. Furthermore, the Commonwealth asserts Appellees failed to establish they would suffer any prejudice or be entitled to relief in the form of preclusion of the victims' testimony. The Commonwealth maintains its refusal to prepare transcripts gave the court no legitimate basis to penalize the Commonwealth and preclude the testimony of the victims at trial, thus terminating the Commonwealth's cases against Appellees. The Commonwealth concludes this Court should reverse the orders suppressing the victims' testimony and remand for trials in Appellees' respective cases.

In response, Appellee Robinson argues Rules 403 and 611 of the Pennsylvania Rules of Evidence, as well as 42 Pa.C.S.A. § 323, permit the court to order the Commonwealth to prepare evidence in a form that can be easily used at trial. Appellee Robinson also claims Pa.R.E. 613(a) entitles him to introduce extrinsic evidence of any prior inconsistent statements of the alleged victims to impeach their credibility. Appellee Robinson alleges the use of video interviews for impeachment purposes is unreasonable because locating specific portions of the videos will cause needless delay, potentially confuse the jury, and unduly frustrate cross-examination. Appellee Robinson asserts he should not bear the responsibility for the cost of transcription because he is indigent and represented by court-appointed counsel. Appellee Robinson also states the court is not financially responsible for the Commonwealth's preparation of evidence. Appellee Robinson argues the court's order was reasonable because it ensures Appellee Robinson will receive a fair trial and protects his due process rights to confront his accusers. Appellee Robinson claims he would not have a full and fair opportunity to cross-examine and potentially impeach the alleged victims if he did not have readily available written materials which accurately reflect the alleged victims' prior statements. Appellee Robinson contends the Commonwealth's actions prejudice his due process rights of effective cross-examination. Appellee Robinson alleges the court possesses an inherent power to impose sanctions on the Commonwealth for failing to comply with the court's directive. Appellee Robinson further maintains the Commonwealth's case against him is not terminated, as the Commonwealth is free to prove its case by other means. Appellee Robinson concludes we should affirm the trial court's order.

Appellees Green and Baker commonly argue the Commonwealth waived its issue on appeal for failure to object to the court's transcription orders or state the Commonwealth's reasons for refusing to comply. Appellees Green and Baker also contend the Commonwealth waived its claim regarding the cost of transcription for failing to petition the court on this matter or raising the claim with the court. Similar to Appellee Robinson, Appellees Green and Baker allege the court had authority under Pa.R.E. 403 and 611 to order the Commonwealth to transcribe the interviews to avoid undue delay during trial. Appellees Green and Baker additionally claim, however, that the court also had authority to order the Commonwealth to disclose all recordings and transcripts under Pa.R.Crim.P. 573 because the interviews were recorded electronic statements. Appellees Green and Baker assert the court properly sanctioned the Commonwealth and precluded the testimony of the alleged victims because the Commonwealth had no intention of preparing the transcripts, and a lesser sanction would not have been an adequate remedy. Appellees Green and Baker conclude we should affirm the trial court's order. We disagree with all of Appellees' contentions and agree with the Commonwealth in this matter.

■■■■ "In criminal cases, sanctions may be imposed upon individuals, including counsel for either side … [to] vindicate the authority of the court." *Commonwealth v. Shaffer*, 551 Pa. 622, 627, 712 A.2d 749, 752 (1998) (quoting *Commonwealth v. Carson*, 510 Pa. 568, 571–72, 510 A.2d 1233, 1235 (1986)). "[T]he failure must involve a failure of justice or prejudice to a defendant to justify the discharge of a criminal action. When such interests are not involved, the offending party may be otherwise sanctioned without defeating the public interest." *Id.*

> In some cases, under some facts, it may be appropriate for a court to dismiss charges where the Commonwealth fails to abide by an order of that court. It is absolutely necessary for a court to have the power and the tools not only to control its own docket, but also to control its own courtroom. Thus, the option of dismissal of charges is rooted in common law and inherent in the authority of the judiciary.

*Shaffer, supra* (citation omitted). Nonetheless,

> [T]he discretion to dismiss is not unfettered and, as it is such a severe sanction, should be used only in instances of absolute necessity. Dismissal of criminal charges punishes not only the prosecutor … but also the public at large, since the public has a reasonable expectation that those who have been charged with crimes will be fairly prosecuted to the full extent of the law. Thus, the sanction of dismissal of criminal charges should be utilized only in the most blatant of cases. Given the public policy goal of protecting the public from criminal conduct, a trial court should consider dismissal of charges where the actions of the Commonwealth are egregious and where demonstrable prejudice will be suffered by the defendant if the charges are not dismissed.

*Id.* at 628, 712 A.2d at 752.

■■■■ "We will reverse a trial court's determination only when there has been a plain abuse of discretion." *Commonwealth v. Kolansky*, 800 A.2d 937, 939 (Pa.Super.2002).

> The term 'discretion' imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion, and discretionary power can only exist within the framework of the law, and is not

exercised for the purpose of giving effect to the will of the judges. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary action. Discretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.

*Shaffer, supra* at 626, 712 A.2d at 751 (citation omitted).

▬▬▬ Our Supreme Court "has limited the prosecution's disclosure duty such that it does not provide a general right of discovery to defendants." *Commonwealth v. Cam Ly,* 602 Pa. 268, 293, 980 A.2d 61, 75 (2009). "Under *Brady,* the prosecution's failure to divulge exculpatory evidence 'is a violation of a defendant's Fourteenth Amendment due process rights." *Id.* "'[T]he prosecutor is not required to deliver his entire file to defense counsel, but only to disclose evidence favorable to the accused that, if suppressed, would deprive the defendant of a fair trial.'" *Id.* (quoting *United States v. Bagley,* 473 U.S. 667, 675, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985)). "[T]o establish a *Brady* violation, a defendant must demonstrate that: (1) the evidence was suppressed by the Commonwealth, either willfully or inadvertently; (2) the evidence was favorable to the defendant; and (3) the evidence was material, in that its omission resulted in prejudice to the defendant." *Commonwealth v. Haskins,* 60 A.3d 538, 547 (Pa.Super.2012) (citing *Commonwealth v. Dennis,* 609 Pa. 442, 17 A.3d 297, 308 (2011)). "The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial does not establish materiality in the constitutional sense." *Id.* (citing *Com-*

*monwealth v. McGill,* 574 Pa. 574, 832 A.2d 1014, 1019 (2003)) (citation omitted).

▬▬▬ Nevertheless, "[t]he withheld evidence must have been in the exclusive control of the prosecution at the time of trial." *Haskins, supra.* "*Brady* is not violated when the appellant knew or, with reasonable diligence, could have uncovered the evidence in question, or when the evidence was available to the defense from other sources." *Commonwealth v. Roney,* 622 Pa. 1, 23, 79 A.3d 595, 608 (2013) (citing *Commonwealth v. Smith,* 609 Pa. 605, 17 A.3d 873, 902–03 (2011)) (citation omitted) (emphasis added).

Instantly, the Commonwealth provided Appellees during discovery with DVD copies of all the victims' PCA interviews. Despite this disclosure, Appellees filed motions to compel as well verbatim written transcripts of all video interviews, alleging the transcripts were necessary for effective cross-examination and impeachment of the victims because playing the video interviews during cross-examination would be inefficient and cause unnecessary delay. The court granted the motions and ordered the Commonwealth to transcribe the interviews. When the Commonwealth ultimately demurred, the court precluded the Commonwealth from calling the victims to testify at Appellees' respective trials. We think the court's action was in error.

The Commonwealth has no duty to provide evidence in a form that the defendant demands for the convenience of the defense. Appellees had no general right of discovery. *See Cam Ly, supra.* Once the Commonwealth disclosed the victims' video DVD interviews, the evidence was no longer in the exclusive control of the Commonwealth. *See Haskins, supra.* Thus, the evidence was equally available to Appellees in a source other than a written transcript. *See Roney, supra.* Moreover, the general rules and statutes the court relied on did not grant the court inherent rule making

authority or the discretionary power to order the Commonwealth to prepare written transcripts in addition to the video copies of the interviews. The court's bald assertion that it is common practice in federal court to introduce a transcript with every tape lacks confirmation. (*See* N.T. Hearing, 3/26/14, at 10.) There is no rule of law, statute, or case that requires the Commonwealth to reduce to writing that which is already on video and disclosed to the defense. Thus, we hold the court abused its discretion in sanctioning the Commonwealth by precluding the victims' testimony at trial, which effectively dismissed the charges against Appellees. *See Shaffer, supra.* The sanction was too severe under these circumstances, particularly where Appellees have suffered no undue prejudice. *See id.* Accordingly, we reverse the court's orders and remand for trials in Appellees' respective cases.

Orders reversed; cases remanded for trials. Jurisdiction is relinquished.