J-S10025-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| JUSTIN J. COLLINS, | |
| Appellee | No. 1956 EDA 2015 |

Appeal from the Order Entered June 15, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0008924-2015

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and PLATT, J.[*]

MEMORANDUM BY BENDER, P.J.E.:            **FILED FEBRUARY 10, 2016**

The Commonwealth appeals from the trial court's June 15, 2015 order granting Justin J. Collins' motion *in limine* to bar the Commonwealth from presenting the testimony of the victim and another witness in this case, unless the Commonwealth provides Collins "with accurate transcripts of those witnesses' prior recorded interviews by the Philadelphia Children's Alliance (PCA)."  Trial Court Order, 6/15/15.  The Commonwealth argues that **Commonwealth v. Robinson**, 122 A.3d 367 (Pa. Super. 2015), *reargument denied* (Pa. Super. 2015), compels this Court to reverse the court's order and remand for trial.  After careful review, we agree with the

_____

[*] Retired Senior Judge assigned to the Superior Court.

Commonwealth. Accordingly, we reverse the trial court's order and remand for trial.

We summarize the procedural history of this case as follows. Collins was charged with rape and related sexual offenses, allegedly committed against a four-year-old, male victim. During the police investigation, the victim and another witness were interviewed by PCA, and those interviews were recorded.[1] During pretrial discovery, the Commonwealth provided Collins with DVD copies of the recorded interviews. However, on November 13, 2014, Collins filed a motion *in limine* requesting that the trial court "bar testimonial evidence of the Commonwealth's witnesses unless the Commonwealth provides [Collins] with accurate transcripts of those witnesses' prior recorded interviews by [PCA]…." Motion *In Limine*, 11/13/14, at 1. On December 11, 2014, the Commonwealth filed a brief in opposition to Collins' motion.

The record indicates that the trial court took Collins' motion *in limine* under advisement, pending this Court's ruling on the same issue in **Robinson**. In that case, we consolidated three separate appeals from orders identical to the one we examine herein, each of which was issued by the same trial judge presiding over Collins' case. While, in the present case, the trial court initially indicated that it would wait to rule on Collins' motion

---

[1] The identity of the other witness interviewed by PCA is not clear.

*in limine* until **Robinson** was decided, the court ultimately did not do so, instead issuing the order granting Collins' motion on June 15, 2015.

The Commonwealth filed a timely, interlocutory appeal as of right by certifying in its notice of appeal that the court's June 15, 2015 order "terminates or substantially handicaps the prosecution." Notice of Appeal, 6/29/15; **see also** Pa.R.A.P. 311(d) ("In a criminal case, under the circumstances provided by law, the Commonwealth may take an appeal as of right from an order that does not end the entire case where the Commonwealth certifies in the notice of appeal that the order will terminate or substantially handicap the prosecution.").[2] The Commonwealth also filed a voluntary Pa.R.A.P. 1925(b) statement, and the trial court issued a Rule 1925(a) opinion on July 8, 2015. Herein, the Commonwealth presents one question for our review: "Where the Commonwealth produced a video record of interviews of the child victim and a witness, did the lower court err and abuse its discretion by suppressing the Commonwealth's testimonial evidence unless the Commonwealth also created a verbatim written transcript?" Commonwealth's Brief at 1.

After the Commonwealth filed the present appeal, and the trial court issued its Rule 1925(a) opinion, **Robinson** was decided on August 3, 2015. The **Robinson** panel reversed the three orders appealed from there, "which

---

[2] We note that Collins does not challenge the appealability of the trial court's June 15, 2015 order.

- 3 -

precluded the testimony of the victims at trial because the Commonwealth refused to provide written transcripts of the victims' video interviews" with PCA. **Robinson**, 122 A.3d at 369. In doing so, the **Robinson** panel noted that "the Commonwealth provided [the defendants] during discovery with DVD copies of all the victims' PCA interviews" and, "[t]hus, the evidence was equally available to [the defendants] in a source other than a written transcript." **Id.** at 373. The Court stressed that the Commonwealth has no "duty to provide evidence in a form that the defendant demands for the convenience of the defense." **Id.** at 373. Additionally, the **Robinson** panel held that "the court abused its discretion in sanctioning the Commonwealth by precluding the victims' testimony at trial, which effectively dismissed the charges against [the defendants]." **Id.** at 374. This Court declared that "[t]he sanction was too severe under the circumstances, particularly where [the defendants] have suffered no undue prejudice." **Id.**

Here, the Commonwealth argues that we are bound by **Robinson** to reverse the court's order in the present case. Collins does not even acknowledge our decision in **Robinson**, let alone attempt to distinguish the trial court's order in this case from the orders reversed there. Additionally, the trial court offers the same rationale to support its current order as it did to justify the orders reversed by the **Robinson** panel. Namely, the court relies "on a similar procedure" of transcribing video recordings ostensibly imposed by federal courts. Trial Court Opinion, 7/8/15, at 3. The court also maintains that Rules 403, 613(a), and 611 of the Pennsylvania Rules of

Evidence, and 42 Pa.C.S. § 323, provide it with "inherent rule making authority and discretionary power … to require that the Commonwealth provide an accurate written transcript of all of the PCA interviews conducted with the complainant-witnesses, and to invoke the remedy of exclusion of those witnesses in the event the transcripts were not provided." *Id.* at 4.

In rejecting the trial court's identical rationale in *Robinson*, we stated:

> [T]he general rules and statutes the court relied on did not grant the court rule making authority or the discretionary power to order the Commonwealth to prepare written transcripts in addition to the video copies of the interviews. The court's bald assertion that it is common practice in federal courts to introduce a transcript with every tape lacks confirmation. There is no rule of law, statute, or case that requires the Commonwealth to reduce to writing that which is already on video and disclosed to the defense.

*Robinson*, 122 A.3d at 373-74 (internal citation to the record omitted).

Based on *Robinson*, we agree with the Commonwealth that the trial court's June 15, 2015 order must be reversed. Here, the Commonwealth provided the defense with DVD copies of the recorded interviews of the victim and the other witness, yet the trial court ordered the Commonwealth to transcribe those recordings for the convenience of the defense. The court's order further stated that if the Commonwealth failed to provide those transcripts, the Commonwealth would be precluded from presenting the testimony of the victim and witness at trial. Because *Robinson* held that identical orders issued by the trial court were erroneous and an abuse of the court's discretion, we reach the same conclusion in the present case.

Accordingly, we reverse the court's June 15, 2015 order and remand for trial.

Order reversed.  Case remanded for trial.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/10/2016