J. S72023/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| FARUQ H. MCCOY, | : | |
| | : | |
| Appellant | : | No. 1868 MDA 2015 |

Appeal from the Judgment of Sentence February 4, 2015
In the Court of Common Pleas of Luzerne County
Criminal Division at No.: CP-40-CR-0003964-2012

BEFORE: GANTMAN, P.J., DUBOW, J., and STRASSBURGER, J.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED DECEMBER 02, 2016**

Appellant, Faruq H. McCoy, appeals from the February 4, 2015 Judgment of Sentence entered in the Luzerne County Court of Common Pleas following his conviction by a jury of one count of Possession of a Controlled Substance With Intent to Deliver ("PWID").[1] Appellant challenges the trial court's refusal to grant his discovery requests regarding a confidential informant's ("CI") prior work with police and prior payments for that work. After careful review, we affirm.

On July 23, 2012, police conducted a sting operation at Public Square in Wilkes-Barre, Pennsylvania. Officer Joseph Savage, along with several other officers from the Wilkes-Barre Police Department ("WBPD") and the

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30).

Pennsylvania Attorney General's Drug Task Force, conducted a controlled buy with a CI, who purchased two packets of heroin from Appellant in exchange for $40 in pre-recorded buy money. Other officers made a video recording and took photographs of portions of the controlled buy.

Police arrested Appellant approximately one week later and charged him with one count of PWID. On December 4, 2014, Appellant filed a general pre-trial Motion for Discovery. The trial court described Appellant's discovery request as follows:

> This particular issue arose when, prior to the start of trial, the defense belatedly sought discovery information. Specifically, [Appellant] requested documents that pertain to payments the CI received (as the defense put it, "paychecks") as well as the CI's history of work with the WBPD. The defense also argued that the Assistant District Attorney (ADA) should have anticipated just such a request and acquired the information on [Appellant's] behalf.[8]
>
> > [8] The ADA was not accused of withholding discovery in her possession and sanctions were not sought.
>
> \* \* \*
>
> Notwithstanding, the ADA stated she responded to the defense and informed them the records did not exist. Additionally, the ADA noted defense had the opportunity to speak with the police. Most significantly, the ADA spoke to the affiants, informed defense of the amount the CI was paid for the transaction at issue, and stated there was no other consideration for any pending charges received by the CI. The ADA also disclosed that the CI worked for WBPD, in particular Officer Boyle[], a few times previously.
>
> During the exchange regarding the defense discovery request, we made clear that the defense enjoyed the right to pursue the issues on cross-examination. For reasons not otherwise apparent in the record, defense counsel conducted a very limited

> inquiry on the subject. Notably, defense counsel did not question Boyle in any detail about the prior work with this CI, nor did defense counsel ask the CI a single question about her prior work with law enforcement to include remuneration received.

Trial Court Opinion, filed 2/1/16, at 3-4 (some footnotes omitted). The trial court concluded there was no discovery violation and did not grant Appellant any other form of relief in light of his belated discovery requests.

Appellant proceeded to a trial and a jury convicted him of one count of PWID. The trial court sentenced Appellant to a term of 24 months' to 60 months' incarceration.

Appellant filed a timely Post-Sentence Motion, which the trial court granted in part[2] and held under advisement in part on June 3, 2015.

On October 13, 2015, Appellant filed a Notice of Appeal.[3] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

---

[2] The trial court granted additional time-credit, an issue not relevant to the instant appeal.

[3] Ordinarily, the time for filing an appeal begins to run on the date the post-sentence motion is denied either by the court or by operation of law. Here, the trial court failed to issue a final Order disposing of Appellant's Post-Sentence Motion within 120 days as required by Pa.R.Crim.P. 720(B)(3)(a), and the motion was, thus, denied by operation of law. Rule 720(B)(3)(d). However, the clerk of courts did not enter and serve an order stating that the Motion had been denied by operation of law as required by Pa.R.Crim.P. 720(B)(3)(c). Such an oversight constitutes a breakdown in the court system; and we will not find this appeal untimely filed under such circumstances. **Commonwealth v. Perry**, 820 A.2d 734, 735 (Pa. Super. 2003).

Appellant raises one issue on appeal:

Did the trial court err in failing to require the Commonwealth to provide specific discovery as requested prior to trial, namely specific documentation of the amount of payments made [to the] confidential informant witness in the instant case and prior cases regarding her work as a confidential information for the same police station and the number of times the confidential witness informant had been utilized as same by the same city police department?

Appellant's Brief at 6 (capitalization removed).[4]

Appellant is challenging the trial court's decision to deny a request for disclosure of information about a CI. We review that decision for an abuse of discretion. *Commonwealth v. Watson*, 69 A.3d 605, 607 (Pa. Super. 2013).

Appellant asserts in his brief that the prosecution violated his Fourteenth Amendment due process rights by failing to divulge exculpatory evidence, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). *See Commonwealth v. Robinson*, 122 A.3d 367, 373 (Pa. Super. 2015), *appeal denied,* 130 A.3d 1289 (Pa. 2015) (discussing *Brady*).

"To establish a *Brady* violation, a defendant must demonstrate that: (1) the evidence was suppressed by the Commonwealth, either willfully or inadvertently; (2) the evidence was favorable to the defendant; and (3) the evidence was material, in that its omission resulted in prejudice to the

---

[4] Appellant has abandoned a second issue on appeal averring that the trial court improperly permitted cumulative testimony from multiple police officers. *See Commonwealth v. Sanchez*, 36 A.3d 24, 72 (Pa. 2011) (holding issue purposely abandoned on appeal is not reviewable).

defendant." *Id*. "Evidence is favorable to the accused where, if disclosed and used effectively, it may make the difference between conviction and acquittal." *Commonwealth v. Chambers*, 807 A.2d 872, 888 (Pa. 2002) (citation and quotation marks omitted).

To constitute a *Brady* violation, "the withheld evidence must have been in the exclusive control of the prosecution at the time of trial." *Id*. Of course, the underlying premise in all *Brady* violations is that the evidence actually exists.

Appellant argues that the trial court abused its discretion in refusing to order any relief or a new trial because the Commonwealth's failure "to turn over requested documents regarding the history of payments to a confidential informant witness … amounts to a *Brady* violation because it meets the three-pronged *Willis*[5] test." Appellant's Brief at 10, 20. He insists that information about the CI's work history with WBPD exists because "a police department must record their financial transactions for tax purposes[.]" *Id*. at 10, 19.

---

[5] In *Commonwealth v. Willis*, 46 A.3d 648 (Pa. 2012) (Opinion Announcing the Judgment of the Court), our Supreme Court reviewed *Brady* and held that "nondisclosed favorable evidence which is inadmissible at trial may be considered material for purposes of *Brady*, as long as there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Willis*, *supra* at 650. The Court noted that mere speculation was not enough to support a *Brady* violation. The Court ultimately reversed and reinstated Willis' Judgment of Sentence, finding that the appellee had not established that there was a reasonable probability that had the challenged evidence been disclosed, the outcome of the trial would have been different.

Appellant further asserts that the complete history of payments provided to the confidential informant was vital impeachment evidence because the CI "is the only witness available to provide first hand testimony regarding Appellant's criminal conduct." *Id*. at 10. Appellant concludes that he could not "effectively" cross-examine and impeach the CI without the requested evidence and he, thus, suffered prejudice necessitating a new trial. *Id*. at 20.

In its Rule 1925(a) Opinion, the trial court concluded that Appellant's "belated" discovery request lacked merit because the Commonwealth had informed Appellant that: (1) "the records did not exist[;]" (2) "the CI was paid [$50] for the transaction at issue[;]" (3) "there was no other consideration for any pending charges received by the CI[;]" and (4) "the CI worked for [], in particular Officer Boyle[], a few times previously." Trial Court Opinion at 3-4. We agree with the trial court, and conclude that Appellant's attempt to raise a *Brady* violation fails.

With respect to the first prong of the *Brady* test, as the trial court noted, Appellant presented no proof that the Commonwealth suppressed any evidence, either willfully or inadvertently. Appellant failed to demonstrate that the prosecutor possessed or controlled any discoverable materials and the trial court observed that there was no indication that the records or documents Appellant sought actually existed. Trial Court Opinion at 4. Although the hearing transcript is not contained in the certified record, the

trial court noted "the ADA stated she responded to the defense and informed [counsel that] the records did not exist." *Id*. at 3.

Appellant's arguments to both the trial court and this Court contain a great deal of unsupported speculation about tax records, practices, and reports purportedly created and maintained by the Luzerne County District Attorney's Office, the WBPD, and the Pennsylvania Attorney General's Drug Task Force. None of Appellant's averments shows that any of these law enforcement offices actually possessed any material information about this CI. Without any proof or a reasonable explanation supporting the existence of the evidence, there is no basis for concluding that the evidence was suppressed by the Commonwealth, "either willfully or inadvertently."

The second prong of the *Brady* test, *i.e.*, that the evidence was favorable to the defendant, is, of course, premised on the existence of the evidence. If the evidence Appellant sought had existed, it would have been favorable in the sense that it would have provided Appellant with further evidence to impeach the credibility of the CI. However, there is no indication that the evidence would have been exculpatory, or otherwise made a difference in the verdict, in light of the video and photographic evidence showing Appellant committed the crime.

Moreover, Appellant admittedly had the following information with which to impeach the CI: (1) the CI's prior work with the WBPD; (2) the payment the CI received for the work done on this case; and (3) the lack of

any other consideration provided with respect to the CI's pending charges. Appellant concedes that "the Court permitted [Appellant] to cross-examine the witnesses regarding this information; defense counsel chose not to do so." Appellant's Brief at 20. Appellant cannot satisfy the second **Brady** prong that he was deprived of favorable evidence.

With respect to the third prong of the **Brady** test, we cannot conclude that Appellant suffered prejudice as a result of not getting evidence that was not available.[6] The Commonwealth responded to Appellant's December 4, 2014 Motion for Discovery and, as noted above, was able to confirm (1) the amount of payments police had provided to the CI, (2) the CI's drug addiction, (3) the CI's prior convictions, and (4) the CI's reliable participation in prior cases. Appellant did not seek a continuance to pursue the matter further and, after the trial court rejected his belated request for more information about the CI, Appellant did not demand any other alternative form of relief.

Moreover, at trial—despite ample opportunity to cross-examine and impeach the CI's credibility—Appellant conducted a very limited cross-examination by asking only about the CI's prior convictions and history of

---

[6] The trial court opined that Appellant waived the issue raised on appeal because defense counsel conducted a very limited inquiry on the subject when cross-examining Detective Boyle and the CI. **See** Trial Court Opinion at 4. Because Appellant had filed a discovery request and made these arguments in the lower court when it rejected his discovery request, we decline to find waiver.

drug addiction. He asked no questions about her prior work with police. Likewise, Appellant limited his cross-examination of Officer Boyle to the accuracy and completeness of his reports and asked no questions about Officer Boyle's previous work with this particular CI. Considering that Appellant failed to cross-examine the CI or Officer Boyle regarding these credibility matters with the information that he had been provided, we are not persuaded that Appellant suffered any prejudice of the sort that would support a ***Brady*** claim.

After a careful review of the certified record, we discern no abuse of discretion by the trial court and, thus, affirm Appellant's Judgment of Sentence.

Judgment of Sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/2/2016