J-A23008-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : : : | |
| v. | : : : | |
| SALVATORE J. DINUBLE | : : | No. 3049 EDA 2018 |

Appeal from the Order Entered September 19, 2018,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  MC-51-CR-0006636-2018.

BEFORE:   KUNSELMAN, J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KUNSELMAN, J.:            **FILED JANUARY 12, 2021**

This is an appeal by the Commonwealth from the trial court's order denying its petition for writ of *certiorari*.  We reverse and remand.

The trial court summarized the pertinent facts and procedural history as follows:

> On February 20, 2018, an altercation occurred between Appellee, Salvatore Dinuble, and the complaining witness. Appellee went to the complaining witness' home, threatened to kill the complaining witness, and pinned the complaining witness against a car before the complaining witness escaped inside his home and locked the door.  On March 12, 2018, police arrested Appellee and [Appellee] was charged with terroristic threats, simple assault, and recklessly endangering another person [all graded as misdemeanors]. On May 3, 2018, [the Commonwealth] passed discovery and on June 8, 2018, [trial counsel] entered his appearance on

_____

[*] Retired Senior Judge assigned to the Superior Court.

behalf of [Appellee]. On June 18, 2018, [the Commonwealth] called the complaining witness to testify and when offered for cross, Appellee motioned to exclude the complainant's testimony under Pa.R.Crim.P. 573. [The Commonwealth] inadvertently provided half of the complainant's statement in discovery due to a copy error and [the Commonwealth] did not copy both sides of the pages sent to Appellee. The [municipal court] granted Appellee's motion to exclude the complainant's testimony and statement. [The Commonwealth] passed the missing statement pages to Appellee on June 20, 2018, and [the Commonwealth] filed a writ of *certiorari* heard in front of this [c]ourt on September 19, 2018. This [c]ourt upheld the [municipal court] on September 19, 2018.

Trial Court Opinion, 2/11/20, at 1-2. This timely appeal by the Commonwealth followed.[1] Both the Commonwealth and the trial court complied with Pa.R.A.P. 1925.

The Commonwealth now raises the following issue:

Did the lower court err by precluding the complaining witness's testimony in its entirety based on an inadvertent mechanical error in transmitting discovery (scanning one side of the witness's two-sided statement), and by denying the Commonwealth's request for a less severe remedy such as a continuance or mistrial?

---

[1] "In a criminal case, under the circumstances provided by law, the Commonwealth may take an appeal as of right from an order that does not end the entire case where the Commonwealth certifies in the notice of appeal that the order will terminate or substantially handicap the prosecution. Pa. R.A.P. 311(d). The Commonwealth has complied with this requirement. **See also** Pa.R.Crim.P. 1006(B) (providing that if the municipal court's pretrial decision is adverse to the Commonwealth, the municipal court "shall grant the Commonwealth a continuance upon motion of the attorney for the Commonwealth in order to give the attorney for the Commonwealth the opportunity to take an appeal").

Commonwealth's Brief at 4.

Discovery in criminal cases is governed by Pennsylvania Rule of Criminal Procedure 573. This Court has summarized a trial court's options when a discovery violation occurs, as well as our scope and standard of review, as follows:

> If a discovery violation occurs, the court may grant a trial continuance or prohibit the introduction of the evidence or may enter any order it deems just under the circumstances. Pa.R.Crim.P. 573(E)[ ]. The trial court has broad discretion in choosing the appropriate remedy for a discovery violation. **Commonwealth v. Johnson**, 556 Pa. 216, 727 A.2d 1089 (1999). Our scope of review is whether the court abused its discretion in [excluding or] not excluding evidence pursuant to Rule 573(E). **Id.** (citing **Commonwealth v. Jones**, 542 Pa. 464, 668 A.2d 491 (1995)). A defendant seeking relief from a discovery violation must demonstrate prejudice. **Id.** (citing **Commonwealth v. Counterman**, 553 Pa. 370, 719 A.2d 284 (1998)). A violation of discovery "does not automatically entitle appellant to a new trial." **Jones**, 668 A.2d at 513[]. Rather, an appellant must demonstrate how a more timely disclosure would have affected his trial strategy or how he was otherwise prejudiced by the alleged late disclosure. **Id.** (citing **Commonwealth v. Chambers**, 528 Pa. 558, 599 A.2d 630, 636-38 (1991) (no error in denial of a mistrial motion for untimely disclosure where appellant cannot demonstrate prejudice)).

**Commonwealth v. Brown**, 200 A.3d 986, 993 (Pa. Super. 2018) (citing **Commonwealth v. Causey**, 833 A.2d 165, 171 (Pa. Super. 2003).

The Commonwealth contends that the municipal court's sanction of precluding the complainant's testimony "effectively amounted to dismissal of the case that was inappropriate under the circumstances." Commonwealth's

Brief at 11. This Court has discussed the severity of the sanction of dismissal of charges as a remedy for a discovery violation:

> [T]he discretion to dismiss is not unfettered, and as it is such a severe sanction, should be used only in instances of absolute necessity. Dismissal of criminal charges punishes not only the prosecutor . . . but also the public at large, since the public has a reasonable expectation that those who have been charged with crimes will be fairly prosecuted to the full extent of the law. Thus, the sanction of dismissal of criminal charges should be utilized only in the most blatant of cases. Given the public policy goal of protecting the public from criminal conduct, a trial court should consider dismissal of charges where the actions of the Commonwealth are egregious and where demonstrable prejudice will be suffered by the defendant if the charges are not dismissed.

*Commonwealth v. Robinson*, 122 A.3d 367, 372 (Pa. Super. 2015) (citing *Commonwealth v. Shaffer*, 712 A.2d 749, 752 (Pa. 1998)).

Here, the Commonwealth argues that the municipal court "abused its discretion by completely striking the testimony of the Commonwealth's lone witness because of an inadvertent discovery violation that could have been cured by a continuance." Commonwealth's Brief at 11. Although the trial court[2] originally affirmed the municipal court's sanction, in its Rule 1925(a) opinion, the trial court now concludes that it should have reversed the municipal court's decision:

---

[2] Appellee's trial began in the Philadelphia Municipal Court. *See generally*, Pa.R.Crim.P. 1003. This Court has held that, when a party files a petition for writ of *certiorari*, "the Philadelphia Court of Common Pleas sits as an appellate court." *Commonwealth v. Coleman*, 19 A.3d 1111, 1119 (Pa. Super. 2011).

In the present appeal, Appellee was unable to provide any evidence of prejudice suffered or faced due to [the Commonwealth's] discovery mistake. Based on a review of the above mentioned case law, dismissal was not the appropriate remedy for the discovery error made by the Commonwealth in this case on appeal.

Based on the foregoing, this [c]ourt respectfully concedes [it abused its discretion] and asks for [the Commonwealth's] position to prevail.

Trial Court Opinion, 2/11/20, at 3-4 (citation omitted).

Our review of the record supports that trial court's conclusion that it abused its discretion when it affirmed the municipal court's remedy for the Commonwealth's discovery violation. As asserted by the Commonwealth, the municipal court had several options short of precluding the complainant's testimony, such as granting a short continuance to provide the missing pages inadvertently omitted by the Commonwealth during the discovery process.

In his brief, Appellee argues that he was prejudiced because "the Commonwealth failed to provide [him] the entire statement of the complaining witness until after he was cross-examined by Appellee's [c]ounsel." Appellee's Brief at 5.[3] Without referencing any specific testimony or statements made by the complainant in the omitted pages, Appellee asserts that the written statement contradicted the complainant's trial testimony, and he was,

---

[3] Our reading of the record reveals that the municipal court granted Appellee's motion to exclude the complainant's testimony shortly after his counsel began cross-examination. *See* N.T., 6/18/18 at 19-20.

- 5 -

therefore, "clearly prejudiced." *Id.*[4] Appellee does not explain how the grant of a less severe remedy would not have cured any prejudice, *e.g.*, the grant of a short continuance to allow his trial counsel to review the omitted pages and continue his cross-examination.[5]

In sum, we agree that the municipal court's remedy for the Commonwealth's discovery violation should have been reversed. We therefore reverse the denial of the Commonwealth's petition for writ of *certiorari* and remand the case for continuation of trial.

Order reversed. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

_____

[4] Contrarily, in its brief the Commonwealth provides specific reference to how the contents of the omitted pages had no bearing on the complainant's trial testimony. *See* Commonwealth's Brief at 16-17.

[5] In support of his prejudice claim, Appellee references an unpublished memorandum of this Court filed on February 11, 2013. *See* Appellee's Brief at 11-12 (citing *Commonwealth v. Burkett*, 68 A.3d 358 (Pa. Super. 2012) (table)). We remind counsel that unpublished memoranda from this Court filed prior to May 1, 2019, "shall not be relied upon or cited by . . . a party in any other action or proceeding"). Nonetheless, in *Burkett*, this Court agreed with the trial court that "recalling the witnesses cured any possible prejudice to [the appellant] caused by the non-disclosure of the statements during the discovery process." *Id.* at 7-8. As noted above, Appellee fails to explain why recalling the complainant after the late disclosure in this case would not have cured any prejudice.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>1/12/2021</u>