J-S69032-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN ALEXANDER BEERS | : | |
| | : | |
| Appellant | : | No. 1001 MDA 2018 |

Appeal from the Judgment of Sentence April 6, 2018
In the Court of Common Pleas of Juniata County Criminal Division at
No(s):  CP-34-CR-0000156-2017

BEFORE:  BENDER, P.J.E., LAZARUS, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                    **FILED NOVEMBER 26, 2018**

John Alexander Beers (Appellant) appeals from the judgment of sentence imposed after he pled nolo contendere to one count of theft by unlawful taking.[1]  Additionally, Appellant's counsel, Nancy Schrum, Esquire (Counsel), seeks to withdraw from representation pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009).  Upon review, we affirm Appellant's judgment of sentence and grant Counsel's petition to withdraw.

On April 3, 2018, Appellant entered a negotiated nolo contendere plea to one count of theft by unlawful taking at docket CR-156-2017.  Pursuant to the terms of the agreement, Appellant would receive a sentence of two and one-half to seven and one-half years of incarceration in a state correctional

_____

[1] 18 Pa.C.S.A. §§ 3921(a)(1).

institution. All other charges at that docket were dismissed. That same day, Appellant pled guilty pursuant to a negotiated plea agreement in a second case docketed at CR-157-2017. Under the terms of the plea agreement, Appellant pled guilty to one count of conspiracy to commit receiving stolen property and agreed to serve a sentence of two and one-half to seven and one half-years of incarceration to run consecutively to the sentence imposed at CR-156-2017. All remaining charges at the second docket were dismissed.

On April 6, 2018, Appellant appeared for sentencing and the trial court sentenced Appellant in accordance with the plea agreements. On April 12, 2018, Appellant filed a post-sentence motion seeking to modify his sentence and/or withdraw his guilty plea at docket CR-156-2017. Of relevance to this appeal, Appellant argued in his motion that his nolo contendere plea was not knowingly, intelligently, and voluntarily made because "the Commonwealth made the plea agreement in CR-157[-2017] contingent on [Appellant] entering a plea in CR-156[-2017]," and thus, Appellant should be permitted to withdraw his plea. Post Sentence Motion, 4/12/18, at ¶ 4-5. The trial court held a hearing on Appellant's post-sentence motion on May 8, 2018, and denied the motion on May 16, 2018. This timely appeal followed. Both Appellant and the trial court have complied with Pennsylvania Rule of Appellant Procedure 1925. On July 10, 2018, Counsel filed an *Anders* brief and petitioned for leave to withdraw with this Court.

At the outset, we note that there are particular mandates that counsel seeking to withdraw pursuant to *Anders* must follow. These mandates and

the significant protection they provide to an **Anders** appellant arise because a criminal defendant has a constitutional right to a direct appeal and to counsel on that appeal. **Commonwealth v. Woods**, 939 A.2d 896, 898 (Pa. Super. 2007).

To withdraw under **Anders**, court-appointed counsel must first "petition the court for leave to withdraw and state that after making a conscientious examination of the record, [s]he has determined that the appeal is frivolous." **Commonwealth v. Martuscelli**, 54 A.3d 940, 947 (Pa. Super. 2012) (quoting **Santiago**, 978 A.2d at 361). Second, counsel must file an **Anders** brief, in which counsel:

> (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) state[s] counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361. With respect to the briefing requirements, "[n]either **Anders** nor [**Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981),] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under **Anders** are references to anything in the record that might arguably support the appeal." **Santiago**, 978 A.2d at 359-60. Finally, counsel must furnish a copy of the **Anders** brief to her client and "advise[ ] him of his right to retain new counsel, proceed *pro se* or raise any

additional points that he deems worthy of the court's attention, and attach []

to the **Anders** petition a copy of the letter sent to the client."

**Commonwealth v. Daniels**, 999 A.2d 590, 594 (Pa. Super. 2010) (citation

omitted).

When faced with a purported **Anders** brief, we may not review the

merits of the underlying issues without first deciding whether counsel has

properly requested permission to withdraw. **Commonwealth v. Wimbush**,

951 A.2d 379, 382 (Pa. Super. 2008) (citation omitted). If counsel has

satisfied the above requirements, it is then this Court's duty to conduct its

own review of the trial court's proceedings to determine whether there are

any other non-frivolous issues that the appellant could raise on appeal.

**Commonwealth v. Dempster**, 187 A.3d 266, 272 (Pa. Super. 2018) (*en

banc*).

Instantly, we conclude that Counsel has complied with the requirements

outlined above. Counsel has filed a petition with this Court stating that after

reviewing the record, she finds this appeal to be wholly frivolous. Petition to

Withdraw as Counsel, 7/10/18, at ¶ 1. In conformance with **Santiago**,

Counsel's brief includes summaries of the facts and procedural history of the

case, and refers to portions of the record that arguably support the appeal –

specifically, potential issues regarding the voluntariness of the plea. **See**

**Anders** Brief at 2-3. Counsel's brief concludes, however, that the appeal is

wholly frivolous. **See id.** at 4. Additionally, Counsel's correspondence to

Appellant provided Appellant with a copy of the **Anders** brief; informed Appellant that after making "a conscientious examination of the record, Counsel concluded that the "appeal would be wholly frivolous;" and advised him of his right to either retain new counsel or to proceed *pro se* on appeal to raise any points he deems meritorious. As such, Counsel has substantially complied with the procedural requirements of **Anders**. We therefore proceed to conduct an independent review to ascertain whether the appeal is indeed wholly frivolous.

Counsel raises the following issue in her **Anders** brief: "Whether the [t]rial [c]ourt erred in refusing to permit the [Appellant] to withdraw his plea of [n]olo [c]ontendere?" **Anders** Brief at 1. Counsel then examines the voluntariness of Appellant's guilty plea by referencing testimony from the guilty plea hearing, but concludes that the appeal is frivolous because the record demonstrates that the plea was voluntary. Although Counsel advances no argument in the **Anders** brief with respect to this issue, we reiterate that neither **Anders** nor **McClendon** requires counsel to set forth an argument, but rather only requires counsel to provide reference to anything in the record that might arguably support the appeal. **Santiago**, 978 A.2d at 364. Counsel has done so.

With regard to Appellant's guilty plea:

We begin by setting forth our standard of review. In **Commonwealth v. Broaden**, 980 A.3d 124 (Pa. Super. 2009), we summarized the principles governing post-sentence motions to withdraw guilty pleas:

- 5 -

[P]ost-sentence motions for withdrawal are subject to higher scrutiny since courts strive to discourage entry of guilty pleas as sentence-testing devices. A defendant must demonstrate that manifest injustice would result if the court were to deny his post-sentence motion to withdraw a guilty plea. Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily. In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. A deficient plea does not per se establish prejudice on the order of manifest injustice.

*Id.* at 129 (Pa. Super. 2009) (citations omitted). "It is well-settled that the decision whether to permit a defendant to withdraw a guilty plea is within the sound discretion of the trial court." *Commonwealth v. Hart*, 174 A.3d 660, 664 (Pa. Super. 2017) (applying abuse of discretion in post-sentencing context). The term discretion

imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion, and discretionary power can only exist within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judges. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary action. Discretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.

*Commonwealth v. Shaffer*, [ ] 712 A.2d 749, 751 ([Pa.]1998) (citation omitted).

*Commonwealth v. Kehr*, 180 A.3d 754, 756-57 (Pa. Super. 2018).

Here, Appellant claims that he was coerced into entering a nolo contendere plea because the Commonwealth made his conspiracy plea

agreement contingent upon him entering a plea to theft by unlawful taking. Appellant contends that his nolo contendere plea was not knowingly, voluntarily or intelligently made and that the trial court erred by prohibiting him from withdrawing his plea.

Based upon our review of the certified record, including Appellant's written colloquy and the transcripts of his guilty plea and sentencing hearing, we conclude that Appellant's guilty plea was knowing, voluntary and intelligent. Initially, we note that the record indicates that no one pressured or forced Appellant to plead guilty. Appellant executed his written guilty plea colloquy, affirming that no "threats or promises [were] made to . . . persuade [Appellant] to enter a plea of guilty." Guilty/Nolo Contendere Plea Colloquy, 4/3/18, at 4. Moreover, during Appellant's oral guilty plea colloquy, the following dialogue occurred:

> THE COURT: Do you want some more time [to consider the plea agreement]?
>
> [APPELLANT]: No. [ ]
>
> THE COURT: If you want to think about it – I'm going to bring you back Friday for sentencing – I'll allow you to withdraw your plea on Friday if you think it through, and you don't want to do that. Okay?
>
> [APPELLANT]: Okay.

N.T., 4/3/18, at 5-6. Appellant was given ample time to confer with his plea counsel and to consider whether he wanted to agree to the terms of the plea agreement. At sentencing, Appellant indicated that he wished to proceed with

the negotiated plea agreement and the trial court sentenced him accordingly. N.T., 4/6/18, at 2-7. Because "[a] defendant is bound by the statements which he makes during his plea colloquy[,]" ***Commonwealth v. Orlando***, 156 A.3d 1274, 1281 (Pa. Super. 2017), Appellant cannot now propose that he was coerced into pleading guilty.

Finally, our independent review of the proceedings reveals no other non-frivolous issues that Appellant could raise on appeal. ***See Dempster***, 187 A.3d at 272. Thus, we affirm Appellant's judgment of sentence and grant Counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/26/2018